JEANETTE S. LILLIE v. LEWIS F. LILLIE.

BENNINGTON COUNTY, 1893.

Before: TAFT, TYLER, MUNSON AND THOMPSON, JJ.

*When refusal to support justifies divorce.*

1.  A husband and wife having separated as the result of a family quarrel in mutual fault, and the husband being of sufficient pecuniary ability to support his wife, a divorce will be granted the wife if the husband has neglected to support her, has refused to visit her upon her request, has made no answer to her proposals to visit him, and has finally, when she went with her personal baggage to his house "for the purpose of resuming her office as a dutiful wife and foster mother," shut the door in her face and refused to receive her.

2.  The effect of the above findings is not changed by the "failure of the court to find that the applications of the petitioner to be taken back were prompted by a real desire to go back, but rather with a purpose to make a case," it not being found that she did not intend to return if her husband would receive her.

Petition for divorce for refusal to support. Heard at the June term, 1889, ROWELL, J., presiding. The court found the facts, held that those facts did not disclose such a refusal to support as entitled the petitioner to a divorce under the statute, and dismissed the bill. The petitioner excepts. The opinion states the case.

*W. B. Sheldon* for the petitioner.

The refusal to support was attended with such circumstances as brings the case within the statute. *Hurlburt* v.

*Hurlburt,* 14 Vt. 561 ; *Holyoke* v. *Holyoke,* 6 Atl. Rep. (Me.) 828.

*Batchelder & Bates* for the petitionee.

The neglect must be such as would cause injury to the health of the petitioner, or create reasonable apprehension of such injury, or cause physical or mental suffering, or tend to degrade her. *Mandigo* v. *Mandigo,* 15 Vt. 786 ; *Jennings* v. *Jennings,* 16 Vt. 607 ; *Peabody* v. *Peabody,* 104 Mass. 195 ; *Bailey* v. *Bailey,* 97 Mass. 373 ; *Holt* v. *Holt,* 117 Mass. 202 ; 1 Bish. Mar. & Div., 817.

The opinion of the court was delivered by

TAFT, J. A divorce is claimed on the ground of neglect and refusal to support. As the result of a family quarrel the parties separated in mutual fault, the husband telling the wife to go, and the wife leaving. The court below found the marriage and residence proved as alleged in the petition, and that the husband was of sufficient pecuniary ability to support his wife. The case shows that he neglected and refused to do so, and still persists therein. The question is whether such neglect and refusal was without cause, gross, wanton and cruel. If it was, the libellant was entitled to a divorce. Do the facts shown by the exceptions constitute such a neglect and refusal? The parties separated in November, 1887. The libellant remained in the vicinity of her husband until the bringing of the libel, supporting herself by manual labor, aided by a pittance of temporary alimony. He did not visit her, made no reply to her requests to come and see her, nor to her proposal to go home with him, and when, in October, 1888, she went, with her personal baggage, to his home "for the purpose of resuming her office as a dutiful wife and foster mother," he declined to shake hands with her, told the driver of the team not to leave her baggage

there, and told the libellant that she could not remain there, in fact shut the door in her face in rather a public manner. We do not think the finding of the above facts is at all qualified by what is stated in the latter part of the exceptions, of what the court failed to find, *viz.*, that the libellant's application to be taken back was prompted by a real desire to go back, but rather with a purpose to make a case. The first finding is explicit; she went back "for the purpose of resuming her office as a dutiful wife and foster mother," and this being the purpose of her return, she should not be prejudiced by a failure to find that she had a real desire to go back, for *non constat* but that she had. Concede that she did not really desire to go back, that it was distasteful for her to do so, she had the right and it was her duty to return, and it was the duty of the husband to receive her. Her motive in doing what she had a legal right to do should not prejudice her cause nor be too closely scrutinized. Had the court found that her offer to return was not made in good faith, that she did not intend to return had her husband been willing, a different question would be presented; but she went back, as we think the report shows, in good faith, and she is entitled to the benefit of her purpose in going. It is true that mere desertion is not sufficient to entitle a wife to a divorce when the cause alleged is a gross, wanton, and cruel neglect and refusal, without cause, to support. The refusal must be something more than simple desertion, and we think it is much more when a husband tells his wife to leave his house, suffers her to rove about the neighborhood for a year or more, compels her to support herself by her manual labor, does not answer her letters, refuses to go for her when requested, and when she returns with her personal effects, in the presence of the hackman drives her from his door, even declining the ordinary civility of shaking hands. We are willing the supreme court of this State should stand committed to the doctrine that such conduct is without cause,

wantonly gross, cruelly wanton, and grossly cruel. Upon the facts stated the neglect and refusal was without cause, gross, wanton and cruel, and the libellant was entitled to a decree.

*The judgment dismissing the petition is reversed, and a bill of divorce granted for neglect and refusal to support. The cause is remanded to the county court for a hearing upon the subject of alimony.*