# LAURA A. CASWELL v. JAMES A. CASWELL.

### January Term, 1894.

### *Divorce.  Refusal to support.*

The mere refusal without cause to support is not of itself a ground
for divorce.    There must be aggravating circumstances
which bring the case within the words of the statute,
"grossly, or wantonly and cruelly."

Petition for divorce for refusal to support.    Heard at the
September term, 1893, Washington county, Rowell, J.,
presiding.    The court dismissed the petition as matter of
law and the petitioner excepted.

The court found the following facts :

"Petitionee has been in state prison for three and a half
years under a life sentence for slaying petitioner's former
husband.    After conviction and before sentence the parties
were married, while the petitionee was in jail.

"The petitioner owns and has owned during the time in
question a farm in East Montpelier, worth one thousand dol-
lars.    There is and has been during that time a mortgage
on the farm of six hundred and ninety dollars.    For two
years last petitioner has rented her farm on shares and has
herself worked out during that time at two and a half dol-
lars a week.    She has kept the interest and the taxes paid
and has now fifty dollars due her for her services and the
debt is good.

"The petitionee has during this time and still does re-
ceive a pension of twenty-four dollars a month.    He contin-
ued to contribute more or less to his wife's support until
about two years ago, when he refused to further contribute,
and has not since contributed.    The parties have, during all
this time, corresponded with each other about business mat-

ters and one thing and another. The petitionee refused to further contribute because the petitioner did not conduct matters in respect to her farm as he desired. No other cause is shown for his refusal.

"The petitionee has no one dependent upon him for support except his wife, and the petitioner has no one dependent upon her.

"The petitioner is about forty-two years old, petitionee about fifty.

"The petitioner is in good health for aught that appears, and well able to work. The petitionee has, in excess of any debts that he owes, a sum of money nearly equal to the amount of his pension for a year, and during all this time he has been of sufficient pecuniary ability to contribute to her support.

"If it is a question for the court to find the court finds that his ceasing to contribute to the support of his wife for the reason stated, is without cause."      .

*S. C. Shurtleff* for the petitioner.

THOMPSON, J.   The petitionee has been in state prison for three and a half years under a life sentence for slaying the petitioner's former husband. After conviction and before sentence the parties were married, while the petitionee was in jail. A divorce is now sought on the ground of refusal to support. To bring a case within this cause for divorce something more must be shown than mere abandonment or a simple refusal or neglect to support the wife. The words "grossly or wantonly and cruelly," as well as the words "without cause," of the statute, are to have some force, although they are not very definite. *Mandigo* v. *Mandigo*, 15 Vt. 786.

By renting her farm and working out during the time the petitionee has refused to support her, the petitioner has paid the taxes, and the interest on the mortgage on her farm, and accumulated fifty dollars, besides maintaining herself. For aught that appears she has been in good health and well

able to work.    No indignity was imposed upon her by the manner of the refusal to support, nor was the door of her home shut in her face and she, in effect, turned into the street, as in *Lillie* v. *Lillie*, 65 Vt. 109.    The petitioner did not conduct matters in respect to her farm as the petitionee desired, and for that reason he refused to contribute further to her support.    During all this time the parties have corresponded with each other in regard to business matters and one thing and another.

Without doubt, under some circumstances, a sudden and continued refusal to provide the necessaries of life to a wife, who is thereby left to her own earnings, would be within the statute meaning of "grossly or wantonly and cruelly" refusing or neglecting to support, as where, from the previous habits, or mode of life, or state of health, or incapacity to labor from any cause, such conduct would cause injury to health or danger of such injury, or reasonable apprehension thereof.    So, too, the refusal might be made in such a manner, or coupled with such indignity and aggravation as, in and of itself, to be a gross or wanton and cruel refusal or neglect to support the wife.    But such is not the case at bar. There was simply refusal and neglect, with no circumstances of aggravation to bring the case within R. L., s. 2362, clause 5.

*Judgment affirmed.*