## SUSAN B. SOWLES *vs.* THE VILLAGE OF ST. ALBANS.

May Term, 1899.

Present: TAFT, C. J., MUNSON, THOMPSON and WATSON, JJ.

Opinion filed July 21, 1899.

*Commissioner's Report — Presumption that County Court Inferred Necessary Facts.*—It is unnecessary to decide whether the petitioner is estopped from denying that she is the owner of the land by the allegation in her petition that she is the owner, for the county court may have inferred that fact from the allegation and the commissioners' report, and it will be presumed in order to sustain the judgment that such inference was made.

*V. S. 901, Judicial Disqualification.*—A commissioner upon sewer assessments is not disqualified by the fact that an abutting owner who has paid his assessment before the hearing, is related to the commissioner within the fourth degree.

Acts 1892, No. 126, is not void by reason of uncertainty in respect to the territory thereby included in the village of St. Albans.

*Sewer Assessments.*—An assessment under a statute providing that persons benefited by the laying and construction of a sewer may be assessed therefor to the extent of their just share, is not rendered invalid by a failure to assess sixty feet of the adjoining frontage, when it does not appear affirmatively that such land was benefited by the sewer.

*Petition Improperly Dismissed.*—Although there was no error in the proceedings of the municipal board, the petition to the county court in the nature of an appeal ought not to have been dismissed, as it was that which gave the county court jurisdiction in the premises.

PETITION in the nature of an appeal from an assessment by the trustees of the village of St. Albans against an abutting owner for the construction of a sewer. Heard on the commissioners' report, at the September term, 1898, Franklin county, *Tyler*, J., presiding. Petition dismissed and judgment for the petitionee to recover the assessment and costs. The petitioner excepted.

The village of St. Albans upon a petition of the freeholders and voters of the village constructed a sewer on Weldon, Edward and Russell streets in said village. The Weldon

street sewer extended from Stevens's brook on the east, toward the west in Weldon street, in which the main sewer had been laid. Edward and Russell streets run parallel north and south intersecting Weldon street, and the sewers therein laid running north and south connected with the main sewer on Weldon street. . The total length of the sewers was 3,530 feet. The cost of construction was $2,244.12. The trustees assessed the cost upon the abutting landowners according to their respective frontages, which was at the rate of thirty-two and a half cents per foot. The petitioner was assessed upon a frontage of two hundred and fifteen feet in the sum of $69.87, from which assessment by her attorney she brought her petition as owner to the Franklin county court at its April term, 1894, setting forth her grievance and asking for the appointment of commissioners; who were appointed, heard the cause and reported among other things that the premises in question if connected with the sewer would receive benefit therefrom, and that its just share toward the expense is the sum above named. The sewer is found to be within the corporate limits of the village of St. Albans under the act of 1892, and the inaccuracies mentioned in no way affected the boundary line with respect to the petitioner's land and the sewers in question. As to the frontage omitted from the assessment, the commissioners find that it was not assessed to any one person but was assessed to all, for the reason that it was contemplated to extend Weldon street, which would take this land, but that this extension had not yet been made.

*E. A. Sowles* for the petitioner.

*Farrington & Post* and *Wilson & Hall* for the petitionee.

THOMPSON, J. It is not necessary to decide whether the petitioner is estopped from denying that she is the owner of the land in question, by the allegation in her petition that she is the owner thereof. If the judgment of the

county court can be fairly sustained by any inference of fact it might have drawn from the commissioners' report, it is to be presumed in this court, that the county court based its judgment on such inference. *Russell* v. *Davis*, 69 Vt. 275, and cases there cited. From the facts reported by the commissioners and the allegation of ownership in the petition, the county court must have inferred and found that the petitioner was the owner of the land benefited by the sewer assessment in question. In view of the other facts found, there was nothing in the exhibits introduced in evidence by the petitioner to preclude such an inference.

(2) The commissioners find that Luther B. Hunt, Jr., an abutting proprietor, had paid his assessment before the hearing in this case. This removed the disqualification, if any existed, of commissioner Luther B. Hunt, by reason of his relationship to him.

(3) No. 126, Statutes 1892, is not void by reason of uncertainty in respect to the territory thereby included in the village of St. Albans. This being so, its trustees had jurisdiction in respect to the sewer in question.

(4) The report of the commissioners shows that all the proceedings in respect to the sewer and the assessments therefor against abutting property owners were regular and such as were required by law, in all particulars. Therefore the petitioner cannot prevail on her contention in regard to this phase of the case.

(5) It is found that the petitioner's land is benefited to the extent of $69.87 by the laying and construction of the sewer, and that the just share which it should contribute toward the expense thereof is that sum. This is only another way of saying that that is the petitioner's just share of such expense based on the special benefit which she receives. This is the same amount assessed by the trustees in the original proceedings. Section 8 of No. 192 of St. 1876, provides that persons benefited by the laying and construction of a sewer may be assessed therefor to the

extent of their just share towards the expense of laying and constructing the same. It is not apparent from the report, nor from anything urged by the petitioner, that the method of apportionment adopted was not just and equitable as to her and the other property owners of this sewer district. On the contrary it appears that $69.87 is her just share of the expense.

It is urged by the petitioner that the failure to assess fifty-eight to sixty feet of frontage next south of the premises in question, on Russell street, was error, for that such assessment would have lessened the amount of her assessment by about $1.40. It nowhere appears in the record that this land was benefited by the sewer. Such a finding is necessary to make it subject to assessment. On the contrary, the finding in respect to the just share of the cost of the sewer, which the petitioner should pay, is impliedly a finding that this frontage of fifty-eight to sixty feet was not benefited. The record not showing error affirmatively, it will not be presumed.

(6) The petitioner was in no way harmed by the admission of No. 191 of St. 1894, as no fact was found from it, nor could the decision of the court below have been affected thereby. Hence, it is not necessary to decide whether it was error to admit it, as in any view of the case it was not reversible error. Nor have we been able to discover any error in respect to the admission of other evidence.

The petition ought not to have been dismissed as it was that which gave the county court jurisdiction in the premises.

> *Judgment dismissing the petition is reversed, and judgment for the petitionee to recover sixty-nine dollars and eigthty-seven cents damages and its costs.*