FRANK B. MCCANNON *v.* LOUISA MCCANNON.

January Term, 1901.

Present: TAFT, C. J., TYLER, START, WATSON and STAFFORD, JJ.

Opinion filed April 6, 1901.

*Divorce—Desertion in recrimination*—In a divorce proceeding deser-
tion on the part of the petitioner is not a bar in recrimination un-
less it has continued long enough to be a ground for divorce.

*Divorce—A cause for divorce the only bar in recrimination*—No form
of the petitioner's dereliction will afford a complete bar in recrim-
ination unless it is such as the law has made a ground of divorce.

PETITION for divorce. Heard at the September Term, 1900, Chittenden County, *Munson,* J., presiding. The petition was dismissed. The petitioner excepted.

The court found that the desertion referred to in the opinion began December 2, 1898.

*H. N. Deavitt* for the petitioner.

TYLER, J. Petition for divorce for adultery. It appeared that the petitionee commenced bastardy proceedings against the petitioner, and that he, upon being arrested, consented to marry and did marry the petitionee. He testified in the court below that during the night following the marriage the petitionee admitted to him that he was not the father of her child, and that in consequence of the admission he left her the next morning and had had nothing to do with her or say to her since.

The court failed to find that the petitioner was not the father of the child, but did find that his leaving the petitionee was a desertion of her and refused a bill for that reason. It found that the petitionee committed adultery after the desertion.

The petitioner was entitled to a divorce for the petitionee's adultery unless he was barred by his own conduct. It is a well

settled rule that whether the divorce sought is from bed and board or from the bond of matrimony, no form of the petitioner's dereliction will afford a complete bar in recrimination unless it is such as the law has made ground for a divorce. 2 Bish. on Mar. & Div. s. 346, *et seq.*, 381. This was the rule in *Tillison* v. *Tillison,* 63 Vt. 411, where it was said that, "proof of any statutory cause for divorce, uncondoned, is a complete defence" * * * . *Pierce* v. *Pierce,* 70 Vt. 270. It is held that desertion not continued long enough to be a ground for divorce cannot be shown in recrimination. *Wilson* v. *Wilson,* 40 Ia. 230; *Conant* v. *Conant,* 10 Cal. 249.

The only question here is whether the finding of the court can fairly be construed to mean that the petitioner was guilty of neglect and refusal to support the petitionee or of intolerable severity in his conduct towards her, as those causes for divorce are defined in the statute, V. S. 2674. The court could not have used the word desertion in the statutory sense, for the case shows that three years desertion had not elapsed, and for want of a finding that the petitioner's conduct was in fact neglect and refusal to support or intolerable severity, no recrimination appears and the petitioner was entitled to a bill.

*Judgment reversed and divorce granted.*

All sitting but *Munson,* J.

*Taft,* C. J., not voting.