ORRIN R. WHITEHEAD *v.* CLARA G. WHITEHEAD.

January Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed March 22, 1911.

*Divorce—Intolerable Severity—Requisites—Injury to Health— Judicial Notice—Presumptions from Court's Findings— When Indulged.*

It is not so inevitable that a husband's knowledge of his wife's infidelity will render his home life intolerable, and cause him mental suffering sufficient to injure his health, that the court will take judicial notice that it will.

It is only in support of the judgment that this Court will presume that the trial court made from the facts certified up inferences not expressed therein.

In a husband's suit for a divorce for intolerable severity, from the finding that the husband's knowledge of his wife's infidelity caused him great mortification, in consequence whereof he was deprived of his rest, and could not attend to his work in the usual manner, this Court cannot say that injury to his health is to be apprehended; it appearing that he lived with her for years after his knowledge of her misconduct, and for months after learning the full extent thereof, and it not appearing that he was unwilling to continue to live with her when she finally left him.

PETITION for divorce for intolerable severity. Heard at the September Term, 1910, Franklin County, *Miles*, J., presiding. Judgment on the facts found that the petition be dismissed.

The petitioner excepted. The opinion sufficiently states the case.

*W. B. Locklin* for the petitioner.

*Patrick Coleman* for the petitionee.

POWERS, J. The law of this case is all to be found in *Mathewson* v. *Mathewson*, 81 Vt. 173, 69 Atl. 646, 18 L. R. A. (N. S.) 300. It is there held that intolerable severity may be established in divorce proceedings by proof of any line of misconduct persisted in by the offending party to such an extent as to cause or threaten injury to the life, limb or health of the other; and that it is not necessary that such injury, actual or threatened, should be the direct result of such misconduct but that it is sufficient if it is produced by grief, worry or mental distress occasioned thereby. It is also there held that when the facts and circumstances are so decisive of actual or apprehended bodily harm resulting from mental suffering that there can be no difference of opinion about it, the court may take judicial notice thereof; otherwise, such essential fact must be found in order to warrant a decree of divorce.

All this the petitioner admits, and he insists that he has brought his case within the rules thus established. He says that when a wife drifts into a life of adultery and knowledge thereof is brought home to the husband, but one result can follow,—his home life is thereby rendered intolerable and sufficient mental suffering caused to injure, or at least threaten his health; and that this result is so inevitable that we should, if necessary, take judicial notice of it.

We cannot adopt this view. The only finding here is that the petitioner's knowledge of his wife's infidelity caused him great mortification, and that he was thereby broken of his rest and could not attend to his work in the usual manner. But the trial court expressly reports that it is unable to find that his health is injured thereby. Nothing is said about any threatened injury to his health, and of course, we cannot presume that the court below made any such inference, for

to do so would result in a reversal, and the rule is that such presumption will only be indulged by this Court in aid of the judgment below. _Sowles_ v. _St. Albans_, 71 Vt. 418, 45 Atl. 1050; _Russell_ v. _Davis_, 69 Vt. 27, 37 Atl. 746; _Callanan_ v. _Powers_, (N. Y.) 92 N. E. 747. Nor can we say from the findings that injury to the petitioner's health is to be apprehended. For it appears that he lived with the woman for some years after he knew of her misconduct, and for some months at least after he learned the full extent of it; and for aught that appears he was willing to live with her right along; but finally she left him. In the circumstances reported it cannot be said that his mental distress was of such a character that it must necessarily result in physical injury.

_Affirmed._