CLARA M. CARR v. LEVI D. CARR.

October Term, 1926.

Present: WATSON, POWERS, SLACK, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed November 4, 1926.

*Divorce—Presumption That Trial Court Weighed Evidence— Witnesses—Interest Because of Being Adverse Party in Other Litigation—Inadequate Briefing—Waiver of Excep- tions—Insufficiency of Evidence to Show Non-support or Intolerable Severity.*

1. Supreme Court reviewing decision, of trial court, dismissing divorce petition on petitionee's motion, will presume that all evidence bearing on question of intolerable severity was fairly considered and weighed by trial court, the contrary not ap- pearing.

2. Pendency of equity suit by husband against his wife, daughter, and son-in-law, *held* properly taken into consideration by trial

court in considering weight to be given their testimony, court not being bound to believe such testimony, although not directly contradicted, but might give it such weight as in court's judgment seemed proper under circumstances.

3. Briefing which merely restates what was said in taking exceptions is inadequate, and constitutes waiver of exceptions to which it relates.

4. Where husband, at time of leaving wife, by instrument in which wife joined, leased his farm to his son-in-law upon consideration that lessee would provide lessor's wife with suitable support so far as food, heat, light, and shelter were concerned, but made no provision for her clothing or medical attention, such facts do not show that husband "grossly or wantonly and cruelly" refused or neglected to provide suitable maintenance for his wife, so as to constitute cause for divorce under provision of G. L. 3560, subd. V.

5. Evidence *held* not to show libellant entitled to divorce either on grounds of intolerable severity or of non-support.

PETITION FOR DIVORCE on grounds of non-support and intolerable severity. Heard by court at the September Term, 1925, Washington County, *Thompson,* J., presiding. Petition dismissed. The petitioner excepted. The opinion states the case. *Affirmed.*

*John W. Gordon* for the petitioner.

*Stanley C. Wilson* for the petitionee.

STATEMENT BY CHIEF JUSTICE WATSON. This is a petition for a divorce on the grounds of intolerable severity and failure to support. Marriage and residence were properly proved. No evidence was introduced on the part of the petitionee. At the close of petitioner's evidence, the petitionee moved that the petition be dismissed for that no case was made out in any way which the petitionee ought to be called upon to answer. Thereon counsel for petitioner said there was a case of intolerable severity clearly made out, affecting her health; that petitionee's treatment of her, and stripping her of property, everything there was, taking things and going away and leaving her without support, was intolerable severity. The judges then retired for considera-

tion. Returning, the court said: "On the motion of the petitionee that the petition be dismissed, in that the petitioner has not made out a ground for divorce, we have considered the matter carefully and we feel that on the evidence it should be granted. I will say first as to the ground of refusal or neglect to support, it appears from the evidence that on the 12th day of April, 1924, there was a lease drawn up between the parties here and Mr. Thurber, whereby the property in Barre was leased to Mr. Thurber, and the consideration of it was that Mr. Thurber should furnish to the petitioner in this case suitable support so far as food, heat, light, and shelter are concerned while residing on said place, and she has resided there since, and I think she testified that those matters have been furnished her. She said no clothing had been furnished her, but there was no evidence that she was in need of extra clothing or that she ever asked the petitionee to furnish her extra clothing, and we don't think that would constitute a ground for divorce because the statute provides that the refusal or neglect to provide suitable maintenance for the wife must be without cause, grossly or wantonly and cruelly, and I think our courts have held where a husband simply left and refused to support his wife—that and nothing more was insufficient ground for a divorce."

Discussing the ground of intolerable severity, the court said: "Now in this case there is evidence that on one occasion the petitionee pushed the petitioner and she would have fallen had it not been for a chair, and at that time he threatened her and shook his fist at her. I think she testified that is the only time he threatened her or shook his fist at her or offered any physical violence. There is no evidence that that act in itself caused her bodily harm and there is no evidence that ever thereafter he did such an act. The testimony shows that the alleged acts of cruelty consist of jawing and threatening to leave and bad language which she says caused her to be sleepless some nights and also caused her headaches, but the fact remains that during all that time she continued living with him and even when he left she did not want him to go, but advised him to stay, but that he persisted in leaving; so we think that the evidence is not sufficient to bring this case within the rule laid down in *Mathewson* v. *Mathewson* and *Whitehead* v. *Whitehead,* so that the petition is dismissed."

To this exceptions were taken by the petitioner on the

ground that the uncontradicted evidence made out the case, counsel stating specifically as follows: "That the production of these headaches and sleeplessness and so forth is in itself intolerable severity; then the bringing of this petition; the writing of the letter by Mr. Wilson, accusing them of fraud brought the situation so that she was obliged to do something. She was left without any support except what was provided for in the lease, and . in order to get that she had to release the insurance that she had, helped pay for with her labor and services; that the whole evidence shows a case of intolerable severity."

The court said they would make findings of fact and file them "and you may have your exception." Findings were made of which paragraph 3 states in part: "The parties did not get along very well together, as the petitionee constantly nagged the petitioner, complained about things she did, threatened on many occasions to leave her, and was generally disagreeable the greater part of the time. This treatment caused the plaintiff to have severe headaches at times and also other times caused her considerable loss of sleep. On one occasion the petitionee pushed the petitioner with his hand, and if it had not been for a chair she would have fallen to the floor. On that occasion he shook his fist under her nose and threatened her. This was the only occasion on which the defendant ever used physical violence on the petitioner, or threatened to use it."

Paragraph 4: "The petitionee left the petitioner's place April 5, 1924, and since then the parties have never lived together. Just prior to the petitonee's leaving, all of the property on the petitioner's place belonging to him was collected and he sold the same at auction. Included in this property was property which he had bought from the income of the petitioner's real estate during coverture. At the time the petitionee left the petitioner, she did not want him to leave. She asked him not to go, as she felt he needed the home and care. The petitioner's daughter (Mrs. Thurber) and her husband also urged the petitionee not to leave at that time."

Paragraph 5: "We are unable to find that the treatment of the petitioner by the petitionee during the time they lived together caused her any physical injury, or that it was of such a character as to create a danger of such physical injury."

The petitioner excepted (1) to the finding shown in paragraph 5, as "contrary to the uncontradicted evidence in the

case'' and inconsistent with the previous finding set out in paragraph 3. (2) Because the court misapplied the law as appears by the court's statement when granting the petitionee's motion for the dismissal of the petition. The court erroneously held the law to be the same in intolerable severity as in the case of adultery and that as a matter of law upon the facts disclosed by the evidence the petitioner condoned the intolerable severity when she said that she did not want the petitionee to leave as she felt he needed the home and care. (3) The court completely ignored the false charges made against the petitioner that she was a disreputable woman and its failure to recognize these charges as intolerable severity was error. (4) That the court in its action ignored the mental suffering and distress to which the uncontradicted evidence shows that the petitionee subjected the petitioner. (5) Because the court virtually held that only physical injury could constitute intolerable severity. (6) Because the court ignored the fact that the petitionee abandoned the petitioner under circumstances that amount to intolerable severity. (7) Because the court ignored the facts on the uncontradicted evidence that the provision for her support in the lease by which he provided for her shelter and food but not clothes and medical attendance was forced upon the petitioner by the conduct of the petitionee and his abandonment of her, furnishing no place in which she could live and ignored the fact that he only signed the lease on consideration that she release the life insurance that was payable within a year or so after his abandonment. (8) Because the court ignored the fact that the petitionee subsequently accused the petitioner of fraud to deprive her of the benefits of the lease. (9) Because the court failed upon the uncontradicted evidence to find that the petitionee was guilty of intolerable severity against the petitioner.

Final judgment was rendered dismissing the petition to which also petitioner excepted.

WATSON, C. J. The exceptions really present the one question whether the dismissal of the petition on the ground that the petitioner had not made out a case for divorce was error. In disposing of the motion in the first instance, the court said it had considered the matter carefully and felt that on the evidence it should be granted; that the evidence showed that on one occasion the petitionee pushed the petitioner and she would have

fallen had it not been for a chair, and at that time he threatened her and shook his fist at her; that on her testimony this was the only time he threatened her or shook his fist at her or ever offered any physical violence; that there was no evidence that that act in itself caused her bodily harm, and there was no evidence that ever thereafter he did such an act; that by the testimony he alleged acts of cruelty consisted of jawing and threatening to leave and bad language which she testified caused her to be sleepless some nights and also caused her headaches; but said the court, the fact remains that during all that time she continued living with him and even when he left she did not want him to go, and advised him to stay, but he persisted in leaving; the court further saying that the evidence was not sufficient to bring the case within the rule laid down in *Mathewson* v. *Mathewson,* 81 Vt. 173, 69 Atl. 646, 18 L. R. A. (N. S.) 300, and *Whitehead* v. *Whitehead,* 84 Vt. 321, 79 Atl. 516.

Thus it is seen that in deciding the present case the trial court undertook to follow the doctrine of the two cases mentioned. The holdings in the former case, contained in different parts of the opinion, are brought together and restated in the latter case as follows: "It is there (Mathewson Case) held that intolerable severity may be established in divorce proceedings by proof of any line of misconduct persisted in by the offending party to such an extent as to cause or threaten injury to the life, limb or health of the other; and that it is not necessary that such injury, actual or threatened, should be the direct result of such misconduct, but that it is sufficient if it is produced by grief, worry or mental distress occasioned thereby. It is also there held that when the facts and circumstances are so decisive of actual or apprehended bodily harm resulting from mental suffering that there can be no difference of opinion about it, the court may take judicial notice thereof; otherwise, such essential fact must be found in order to warrant a decree of divorce."

[1]    As was said in *Taft* v. *Taft,* 80 Vt. 256, 67 Atl. 703, 130 A. S. R. 984, 12 Ann. Cas. 959, "It cannot be assumed that all the evidence was not fairly considered and weighed by the trial court." On the contrary, this Court will presume that all the evidence bearing on the question of intolerable severity was so considered and weighed, it not otherwise appearing. *McClary* v. *Hubbard,* 97 Vt. 222, 122 Atl. 469.

We apply the same presumption to what the trial court

said in paragraph 5 of its findings; that they were unable to find that the treatment of the petitioner by the petitionee during the time they lived together caused her any physical injury, or that it was of such a character as to create a danger of such physical injury.

[2]    There is a further reason why exceptions 1, 4, 7, and 9, to the declaration of the court, in said paragraph 5, are without force.    The evidence showed that soon after the commencement of the divorce proceedings by Mrs. Carr, her husband, Mr. Carr, as plaintiff, brought a suit in equity against his wife and Mr. and Mrs. Thurber, which suit was pending at the time of the trial of the divorce case.    The record before us does not show the basis of the equity action, nor the relief thereby sought by Mr. Carr against the defendants therein.    But the fact that at the time the latter testified in the trial for divorce such an equity case was pending against them, might well be considered by the trial court as likely to color their testimony then and there given.    Although their testimony was not directly contradicted, the court was to judge its weight, and in so doing was not bound to believe it beyond what, in the court's judgment, it was worthy of belief.    *Miller* v. *Miller,* 89 Vt. 547, 95 Atl. 928; *Watts* v. *Mulliken's Estate,* 95 Vt. 335, 115 Atl. 150.

[3]    As to exceptions 2, 3, 5, 6, and 8, to the findings, the petitioner's brief contains merely a substantial repetition of what was said in taking them.    According to our holdings many times made, the last of which was in *State* v. *Wood* (99 Vt. 490, 134 Atl. 697), recently decided, such briefing is inadequate and is a waiver of the exceptions to which it relates.

[4]    As to the alleged failure to support, the court found that at the time the petitionee left the petitioner, the matter of her support was talked over by the parties and, as a result, on April 12, 1924, a lease was executed from the petitioner and the petitionee to J. E. Thurber, the husband of the petitioner's daughter, of the petitionee's farm in the town of Barre for the term of five years; that as consideration for this lease, the lessee agreed that he would furnish the petitioner suitable support so far as food, heat, light, and shelter were concerned, residing on the place; but that this should not include expense for clothes, sickness or medicine; that ever since the execution of this lease, the petitioner has lived on said farm with the lessee, and has received the support provided for by the lease; that dur-

ing that time she has not received anything from the petitionee for clothes, but has never asked him for anything, and so far as appeared in evidence, since the execution of that lease she has not been sick. These findings do not show that the petitionee ''grossly or wantonly and cruelly refuses or neglects'' to provide suitable maintenance for the petitioner, and so do not constitute a cause for divorce under the provisions of G. L. 3560, subd. V. *Lillie* v. *Lillie,* 65 Vt. 109, 26 Atl. 525; *Caswell* v. *Caswell,* 66 Vt. 242, 28 Atl. 988.

[5]    There was no error in dismissing the petition as to both alleged grounds for divorce.

*Judgment affirmed.*