CYNTHIA T. CROSSMAN *v.* WAYNE E. CROSSMAN.

(55 A2d 330)

October Term, 1947.

Present: MOULTON, C. J., BUTTLES, STURTEVANT and JEFFORDS, JJ. and CLEARY, Supr. J.

Opinion filed November 4, 1947.

*Asa S. Bloomer* for the libellee.

*Hayden LaBrake* for the libellant.

STURTEVANT, J. This is a divorce action. The grounds alleged are intolerable severity and non-support. The libellant had a decree for divorce on the ground first stated and for a property settlement below and the case is here on exceptions by the libelee.

Among the findings of fact appear the following.

The libellee "has inflicted physical abuse on the libellant in these particulars. He has broken her nose, broken her cheek bone, cracked her ribs, hit her on the mouth and loosened her teeth,

knocked her out and injured the muscles on her left side from which last injury the libellant still suffers and will continue to suffer".

It also appears from the findings that the libellee has threatened to shoot the libellant and also has threatened her with an open jack-knife. He drinks to excess and his disposition is such that when he is drinking the libellant has good cause to and does fear him. Shortly before this action was brought, he ordered her off the farm where they had been residing and which they own as tenants by the entirety and after so ordering her off the premises he locked her out of the house. The parties have not lived together since. He has frequently called her offensive names. Over and above the obvious results of the aforementioned physical violence, the libellee's conduct has impaired the libellant's general health.

The court also found that the libellant is not perfect. She uses intoxicating liquor to some extent and on occasions has slapped the libellee on the mouth, once hit him in the face with her pocketbook, struck at him with a butcher knife which, during a quarrel, he handed to her for that purpose and she once shot a pistol over his head in his direction. However, the court finds that the libellee was not seriously injured on any of these occasions and that her conduct, under the circumstances, did not constitute intolerable severity.

The libellee contends that any ill treatment he may have inflicted on the libellant prior to September 16, 1946, the day on which she left their home, is remote and has been condoned and waived by her because they had been living together as husband and wife up to that time. He also claims that nothing he did on that date constituted intolerable severity and therefore there is no legal support for the action of the court in granting a divorce to the libellant on the ground of intolerable severity and he cites *Souther* v. *Souther*, 103 Vt 48, 151A 504, in support of his contention. In that case the parties separated when the husband, without violence or physical abuse of his wife, walked out of the house where they had resided for several years and did not return. While some years before this separation the husband had ill treated his wife, there had been no serious trouble between them because of the husband's conduct during a period of two years preceding the separation. The facts in that case distinguish it from the case at bar. While the libellee insists that he did not order his wife off

the premises and lock her out of the house, the court, on competent evidence, has found that he did. That such conduct was an act of intolerable severity, under the circumstances set forth in the findings, is too clear to need further discussion. For a statement as to what constitutes intolerable severity see *Mathewson* v. *Mathewson,* 81 Vt 173, 179, 69A 646, 18 LRANS 300; *Souther* v. *Souther,* 103, Vt 48, 52, 53, 151A 504, and cases cited. It follows that the libellee's mistreatment of the libellant on September 16, 1946, as above stated nullified her condonation of his prior misconduct directed against her. This exception is without merit.

Finding 3d, referring to the libellee, is as follows. "He has been unduly familiar with one Mrs. Laura Knox. His conduct raises in our minds at least a strong suspicion of adultery. However, the libellant expressly disclaims adultery and so we make no positive finding thereon. The libellant was jealous because of the libellee's conduct with Mrs. Knox and had good reason therefor. On several occasions she remonstrated with the libellee but he persisted in associating with Mrs. Knox." Briefly stated, the grounds of exception to this finding are that there is no legal evidence to support it. Concerning this claim it is sufficient to state that the finding is supported by ample evidence, as shown by the transcript, which came into the case without objection. In disposing of this exception, we adhere to the grounds specifically stated below and have considered those grounds only.

All questions presented by the libellee have been disposed of and no error appears. *Decree affirmed.*