RUTH D. SAGE *v.* MERTON W. SAGE.

(61 A2d 557)

May Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed October 5, 1948.

*Edwards & Bigelow* for the libelee.

*Bloomer & Bloomer* for the libelant.

STURTEVANT, J. This is a petition for divorce brought by Ruth
D. Sage against Merton W. Sage. At the time of the trial below,
contempt proceedings were pending against the petitionee for
failure to comply with an order for the payment of temporary ali-
mony issued in these proceedings and, by agreement of the parties,
that matter was heard together with the petition. The petitioner
relied upon the ground of refusal and neglect to support. A di-
vorce was granted to her on that ground and the petitionee was
found guilty of contempt and was committed to jail. The pe-
titionee brings the case here on exceptions to the granting of the
divorce and also on the adjudication that he is guilty of contempt.

The petitioner did not request findings of fact to be made and
filed and for that reason no findings are before us except such as
are to be inferred in support of the decree. The petitionee's brief
first presents his claim that no evidence was introduced sufficient
to justify the granting of a divorce on the grounds of refusal and

neglect to support. P. L. 3116, as amended by No. 43 of the Acts of 1941, states the causes for which a divorce may be granted. In so far as here material, it is therein provided that a divorce may be granted on grounds set forth in paragraph V, section 1 of that act which states as follows:

> ". . . V. REFUSAL TO SUPPORT. On petition of the wife when the husband has sufficient pecuniary or physical ability to provide suitable maintenance for her, and without cause, persistently refuses or neglects so to do;"

From the evidence presented, as shown by the transcript, the court could reasonably find the following facts.

This is the second marriage between these parties. They were first married to each other in 1937. That marriage was dissolved in 1943 when the wife obtained a divorce on the grounds of intolerable severity. Their present marriage took place in 1944. After that marriage, they resided in the town of Rockingham living together as man and wife until about May 20, 1946, at which time the petitioner instituted these proceedings. After the bringing of this petition they continued to reside in their home place there, but not as man and wife, until July 15, 1946, when the petitioner went to the home of her parents in West Fairlee, Vt., taking their three children with her. Their oldest child was born March 10, 1938, the next one, February 14, 1939, their third one, July 13, 1940, and their youngest child was born February 15, 1947, sometime after they had separated. For some time after this marriage the petitionee was employed by Jones & Lamson at a wage of $50.00 per week. During all times here material he has been strong and able bodied. In January, 1946, he stopped giving the petitioner money for food and clothes. This made it necessary for the petitioner to obtain work away from their home and she continued this outside work until the close of that school year. During the period from January to May 20, 1946, the date on which these proceedings were instituted, the petitioner repeatedly asked the petitionee for money with which to purchase needed food and clothes for herself and their children. These requests were all refused except on two occasions he gave to her a small amount of money, but not sufficient to meet her needs. During

this period, he brought in a few groceries but the amount was insufficient to meet the reasonable needs of her and the children. The money earned by her was used for family expenses during this period, but was not sufficient to fully supply the family needs. The petitioner's parents aided in supplying necessaries for the family and on one occasion the town of Rockingham furnished a half cord of wood. After the petitioner and the children went to the home of her parents in West Fairlee, they received aid from that town, from the State and from her parents. Although there was an order for the payment of temporary alimony by the petitionee in force at that time he did not comply with the terms of the order. After the petitioner left the house in Rockingham where the parties had resided, the court changed the order giving the petitionee the right to rent the premises and thus aid in producing money to meet the alimony payments. The petitionee allowed some one to occupy the place rent free. At the time of the hearing, he was in arrears more than $400.00 in his alimony payments. For some time before the trial, he had been staying at his mother's home where he received no wages. He persisted in his refusal to give the petitioner money for suitable support and maintenance during the period from January, 1946, to May 20, of that year and continued so to do after the petitioner instituted these proceedings in disregard of the terms of the order directing him to make specified weekly payments for the support of the petitioner and their children.

From the foregoing it appears that the evidence presented brought the petitioner's case well within the provisions of the aforementioned statute providing that a divorce may be granted to the wife for refusal or neglect to support under the circumstances as therein stated. This exception of the petitionee is without merit. While the petitionee cites several cases in support of his contention, most, if not all, of them were decided before the amendment of 1941 hereinbefore mentioned and when the statute required that in order for the husband's refusal or neglect to support his wife to give her cause for a divorce, such refusal or neglect must be gross or wanton and cruel. See P. L. 3116, para. V. Also the facts in the case at bar distinguish it from those cited. It is to be noted that from the facts which the court could reasonably find, as hereinbefore set out, the court could reasonably conclude that

at the time the petition was brought, the petitioner was justified in living apart from her husband.

The next error claimed by the petitionee is the fact that the court admitted evidence of petitionee's conduct in reference to his continued refusal and neglect to furnish suitable support for the petitioner after she had brought this petition, and while the temporary order was in force. The fact that the charge of contempt was being heard with the divorce petition made this evidence admissible on that issue. Whether it was admissible on the merits of the petition we need not consider as the petitionee's exceptions do not present that question.

■ The petitionee calls attention to the following statement in the decree in this case. "Bill of divorce granted for persistent refusal and neglect to support." He claims that the statute, No. 43, paragraph V. Section 1 of the Acts of 1941, requires that in order for such refusal and neglect to be ground for divorce, the court must find such conduct on the part of the husband to have been "without cause". While this is true, it is also true that all of the facts found by the court which are material and form the basis of the decree need not be set forth therein. Since there was no request for findings of fact, the court was not bound to reduce its findings to writing and place them on file. We have already seen from what has been hereinbefore stated, that the court could reasonably find that the petitionee's persistent refusal and neglect to furnish the petitioner with suitable support and maintenance from January, 1946, to May 20th of that year was "without cause" and in support of the decree, the contrary not appearing, we will presume that the court did so find. In briefing this contention, the petitionee simply asserts that the statute in question requires the decree in this case to contain the word, "without cause". No authority is cited nor argument presented furnishing any reason for this assertion. This question is not adequately briefed and for that reason might have been passed, but we have, nevertheless, given it consideration and the contention is without merit.

■ The petitionee contends that the birth of a normal child to the parties, February 15, 1947, indicated that they had marital relations on May 11, 1946, since the normal period of gestation is 280 days. He insists that, the contrary not appearing, this must be taken to have been voluntary cohabitation and that such act on the part of the wife condoned any and all previous misconduct on

the part of the husband. *Davidson* v. *Davidson,* 111 Vt 68, 10 A2d 197, is cited in support of this contention. However, it appears that the petitionee's refusal and neglect to furnish suitable support to the petitioner was without fault on her part and was persisted in by the petitionee from January, 1946, to May 20th, of that year when she brought this petition and also continued after that time. Thus it appears that such mistreatment of the petitioner was a continuing offense. It existed after the act relied upon by the petitionee as having condoned the petitioner's prior misconduct and therefore all such prior misconduct of the petitionee was made available to the petitioner as grounds for divorce. *Crossman* v. *Crossman,* 115 Vt 219, 55 A2d 330, and cases cited; *Belville* v. *Belville,* 114 Vt 404, 45 A2d 571.

The petitionee claims that there was no evidence from which the court could find him guilty of contempt. From what has hereinbefore been stated, it appears that at the time of the trial, he was more than $400.00 in arrears in the payments required by the order and that he was staying at his mother's home where he received no wages and also he was allowing someone to occupy the home place of the parties rent free, although he had been given the right to rent these premises to aid him in raising money with which to meet the payments as specified in the order. Thus it appears that the court's finding him guilty of contempt was without error.

The petitionee moved to dismiss the petition on the ground that after the petition was brought both parties moved from Windham County and that for this reason the court had no jurisdiction of the case. That both parties resided in Windham County on May 20th, 1946, when the proceedings were instituted is not questioned. It follows that the petition was properly brought and tried in that county. P. L. 3125.

All questions raised by the petitionee have been considered and no error is made to appear. *Decree affirmed.*