### Dale H. Gilbert v. Mildred C. Gilbert

[185 A.2d 460]

September Term, 1962

Present: Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1962

*Ryan & Ryan* for the libellant.

**Holden, J.**   This is an appeal from an order dismissing the husband's libel for divorce in uncontested proceedings before the Washington County Court.   The action was founded on the claim of intolerable severity.

The facts reported by the court establish that the parties were married July 4, 1953 and one child has been born of the marriage. The relationship beween the parties became strained and differences developed which culminated in their separation in April 1961.   During the summer months over this period the libellant was employed in highway construction work and occasionally returned from work at a time later than the usually appointed supper hour.   On a few such occasions he was told by his wife that he would have to prepare his own evening meal.   At various times during this period, the libellee refused to have marital relations with the libellant, but the court expressly found there was not a complete denial of sexual relations by the libellee.

It can be inferred from the findings that this course of conduct by the wife caused her husband to become nervous, moody and irritable. Apart from such nervousness and irritability, there was no impairment of the libellant's health.   But the findings expressly state that the trial court is unable to find that the acts of the libellee would result in a detriment to the libellant's health.

The libellant challenges the findings, urging that the facts reported are more limited than the evidence required.   In particular, the libellant objects to the trier's use of the words "on a few such occasions" and "upon occasion," contending that the acts complained of occurred with greater frequency than indicated by the court.

The testimony presented by the libellant concerning these events was equivocal and indefinite as to time.   While the evidence might justify a stronger statement of the facts, the weight and persuasive effect of the testimony were for the trier alone and are not

subject to revision in this respect on appeal. 12 V.S.A. §2385; *Bresette* v. *Knapp,* 121 Vt. 376, 379, 159 A.2d 329.

The appellant also challenges the failure of the court to find that libellant's nervous condition improved after his separation from his wife. As to this, there was no dispute and the evidence justified the finding claimed. The omission, however, is harmless. Relief from the nervous tension of an incompatible marriage, after separation, does not mean the prior cohabitation had threatened the health of the innocent spouse to the point of present or imminent danger, within the doctrine of *Mathewson* v. *Mathewson,* 81 Vt. 173, 179, 69 Atl. 646, 18 L.R.A., N.S., 300.

In the instant case the court made a specific finding that the wife's failure to prepare her husband's supper on his late arrival home and her frequent denial of sexual relations did not impair his general health. This course of marital conduct has some bearing on establishing who is at fault in the broken marriage. *Guibord* v. *Guibord,* 114 Vt. 278, 282, 44 A.2d 158. But to our minds, the acts complained of do not constitute offenses of intolerable severity in the sense that they are of such aggravated nature that mental agony and danger to this victim's health are bound to follow.

To warrant a decree of divorce on the strength of mental suffering, there must be an affirmative finding of actual or threatened impairment of health. To overcome the failure of the trial court to make a determination of this issue favorable to the appellant, the facts and circumstances must be so decisive of actual or threatened danger to the libellant's health that there can be no difference of opinion that such a result will ensue. *Mathewson* v. *Mathewson, supra,* 81 Vt. at 182; *Whitehead* v. *Whitehead,* 84 Vt. 321, 322, 29 Atl. 516; *Souther* v. *Souther,* 103 Vt. 48, 52, 151 Atl. 504.

Delinquencies in preparing meals or in occasional denial of conjugal relationship, although followed by nervous distress, are not so severe of themselves that jeopardy to health is an inevitable consequence. The negative finding of the county court on this issue is controlling. Error does not appear and the action was properly dismissed.

*Order affirmed.*