# Doris L. Tucker v. Donald F. Tucker

[ 246 A.2d 707 ]

June Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 1, 1968

*McKee & Clewley* for the Plaintiff.

*Reginald T. Abare, Esq.*, for the Defendant.

**Barney, J.** The libelant-wife was granted a divorce on the grounds of intolerable severity. She received custody of the minor children, and was awarded thirty dollars a week toward their support. The libelee contends the award is unsupportable, and has appealed.

He maintains that neither the findings nor the evidence report or establish the elements of intolerable severity. Furthermore, he contends that the evidence shows the libelant to have breached the marital covenant on her own part, so that she is ineligible for a divorce, and that the trial court's negative evaluation of this evidence was unjustified.

The parties were married in 1955 and have four children: one twelve, one nearly eight, one six and one five, all girls. The separation occurred on February 15, 1967, when the libelee left the home, telling the libelant he wished to live with another woman. He in fact moved in with her and the libel was filed two days later. At a temporary hearing custody of the children was awarded to the libelant, and the libelee was ordered to pay fifteen dollars a week toward their support. Service of this order on the libelee seems to be in question, although

it is found as a fact that he had actual knowledge of the order and its provisions.

In any event, the libelee took the children with him and still retains them in spite of the provisions of the order. He has never made any payments to the libelant, and was found in contempt of court in this very proceeding for his failure to do so. He is still living with the woman for whom he left his wife, and has the children with him in the same household. The court found that his departure from the home with the statement that he wished to live with another woman caused the libelant to become emotionally upset, and affected her physical and mental health.

The facts previously set out all have evidentiary support and are unchallenged as findings. The libelee directs his attack to a finding which deals with the libelant's acquaintance with another man after the separation. He says that the court's conclusion that no unlawful conduct or illicit relationship occurred is contrary to common knowledge of adult human behavior and represents a failure to exercise judicial discretionary power. Likewise, the libelee attacks two conclusionary findings in which the court states that the libelant has made out a case for divorce on the ground of intolerable severity, and declines to find that the libelant is guilty of any misconduct which would operate as a bar to her action.

The court states that it bases all these findings on the credible evidence before it, and the transcript contains evidence of that tendency. It is somehow ironic that, in the face of the unchallenged evidence of the libelee's specific and continued misconduct, he assumes to complain because the trial court accepts evidence favorable to the libelant, and refuses to speculate as to the possibility of disqualifying conduct on her part. However the libelee may be disposed to view facts and draw inferences, it is not his viewpoint but that of the trial court which must prevail.

■ The weight and sufficiency of evidence is for the trial court, on the issues of both intolerable severity and recrimination. *Gilbert* v. *Gilbert,* 123 Vt. 200, 201-202, 185 A.2d 460; *Pacquin* v. *Pacquin,* 125 Vt. 243, 246-247, 214 A.2d 90. Here we do not have a situation such as existed in *Crossman* v. *Crossman,* 124 Vt. 127, 129, 197 A.2d 818. In that case the trial court failed to make an affirmative finding that the libelee's misconduct impaired the health of the libelant. In such an

event, this Court can supply such a finding only in the presence of evidence so decisive as to be indisputable.

But in the matter before us, the trial court did find impairment of health, and that finding not only has support in the evidence, but is unchallenged. In the presence of conflicting evidence, we can neither dispute the trial court's finding of intolerable severity nor presume to supply a finding or recrimination. *Breznick* v. *Breznick,* 127 Vt. 80, 81-82, 238 A.2d 643.

*Decree affirmed.*