### Sara Jane Davis v. Arthur Gerald Davis

[266 A.2d 466]

No. 145-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 2, 1970

*Kinney & Carbine*, Rutland, for Plaintiff.

*James W. Wright*, Woodstock, for Defendant.

**Shangraw, J.** This is an action of divorce brought on the grounds of intolerable severity and nonsupport. The case was heard on October 7, 1969 and was not contested. Findings of fact were waived. This was followed by an order of the court dated October 9, 1969 by which it was determined that "* * * none of the alleged statutory grounds for divorce were proven by credible evidence." The libel for divorce was dismissed with prejudice. No evidence was presented on the issue of nonsupport.

By letter of October 17, 1969 addressed to the presiding judge, plaintiff's attorney requested that the order be struck and the case be reopened for additional evidence on the issue of intolerable severity. No reason was given why the additional evidence was not presented at the trial, nor its amount and character revealed. The request to reopen was denied. This ruling was too plainly within the court's discretion to require further comment.

Plaintiff has appealed to this Court for a review of the order dismissing the libel.

The parties were married on October 26, 1968 and lived together until about June 6, 1969. Plaintiff was 21 years of age at time of the trial.

In support of her claim of intolerable severity, the transcript reveals that she testified her husband was immature and lacked a sense of responsibility; would not keep himself clean; always took her paycheck; permitted his insurance to go to his parents as beneficiaries; desired to be the center of attraction and wanted to break up plaintiff's family association. The parties lived in a house owned by plaintiff's mother. Her husband would not pay any rent. On one occasion, about Christmas time, her husband insisted that she help in pushing his auto-

mobile out of the unshoveled driveway. This resulted in a quarrel between the parties. Following this incident plaintiff became ill. The foregoing evidence was in part confirmed by the testimony of plaintiff's mother.

Plaintiff testified that she became nervous and lost ten to fifteen pounds in weight. She was employed by the University of Vermont Extension Service at Woodstock, Vermont. Her immediate superior testified that plaintiff became nervous, distraught, and appeared upset and unhappy. Since the separation her condition has improved.

Plaintiff contends that the trial court failed to follow the evidence in the case, and that the record supports her claim of intolerable severity on the part of her husband.

As stated in *Whitehead* v. *Whitehead,* 84 Vt. 321, 322, 79 Atl. 516, "Intolerable severity may be established in divorce proceedings by proof of any line of misconduct persisted in by the offending party to such an extent as to cause or threaten injury to the life, limb or health of the other; and it is not necessary that such injury, actual or threatened, should be the direct result of such misconduct, but that it is sufficient if it is produced by grief, worry or mental distress occasioned thereby." This view was later confirmed in *Pacquin* v. *Pacquin,* 125 Vt. 243, 245, 214 A.2d 90.

In *Gilbert* v. *Gilbert,* 123 Vt. 200, 202, 185 A.2d 460 this Court held, "To warrant a decree of divorce on the strength of mental suffering, there must be an affirmative finding of actual or threatened impairment of health. To overcome the failure of the trial court to make a determination on this issue favorable to the appellant, the facts and circumstances must be so decisive of actual or threatened danger to the libellant's health that there can be no difference of opinion that such a result will ensue."

■ Our rule is that in an uncontested action, such as here, a trial court is not bound to believe uncontradicted testimony, for the trier has a broad latitude in determining what evidence is worthy of belief. *McKinney* v. *Kelley,* 120 Vt. 299, 308, 141 A.2d 660.

■ Findings of fact having been waived, the court was not bound to reduce its findings to writing and place them on file.

498

It was not required to set forth in the order dismissing the libel the material fact which formed the basis for its action. This also applies in a divorce decree. *Sage* v. *Sage* 115 Vt. 364, 367, 61 A.2d 557.

■ It will also be presumed on appeal, the contrary not appearing, that all the evidence was considered by the trial court with impartial patience and adequate reflection. *Guibord* v. *Guibord,* 114 Vt. 278, 283, 44 A.2d 158; *Pacquin* v. *Pacquin, supra,* 249.

■ The persuasive effect of the evidence and the credibility of the witnesses was for the trial court to determine. *Pacquin* v. *Pacquin, supra,* 246; *Crossman* v. *Crossman,* 124 Vt. 127, 129, 197 A.2d 818.

■ The court found, by its order, that "* * * none of the alleged statutory grounds for divorce were proved by credible evidence." Such determination was for the trial court and is not for revision here. *Raymond* v. *Raymond,* 120 Vt. 87, 90, 132 A. 427.

The order of the court dismissing the libel is affirmed except as to the phrase "with prejudice" which we strike as surplusage. *Burton* v. *Burton,* 58 Vt. 414, 426, 5 A. 281.

*Order as modified is affirmed.*