RAYMOND L. WEST *v.* MARY O'BRIEN WEST.

(63 A2d 864)

January Term, 1949.

Present: SHERBURNE, JEFFORDS and CLEARY, JJ., and ADAMS, Supr. J.

Opinion filed February 1, 1949.

*Sylvester & Ready* for the libellee.

*P. L. Shangraw* for the libellant.

JEFFORDS, J. In this action the libellant was granted a divorce on the ground that the parties have lived apart for three consecutive years without fault on the part of the libellant, the resumption of marital relations not being reasonably probable. The case is here on exceptions of the libellee. The only ones relied on are that the decree is not supported by the findings and that finding No. 2 has no evidence to support it.

This ground for a divorce is to be found in par. VII of § 3205 of V. S., 1947 revision. It is clear that in order for a libellant to obtain a divorce on this ground he must prove the living apart for the time required, and that it was without fault on his part. He must also procure a finding by the court that the resumption of marital relations is not reasonably probable. If he fails in any one of these three respects a divorce cannot properly be granted.

In the present case the libellee concedes that the parties have lived apart for more than three years and that the resumption of marital relations is not reasonably probable and there are findings to that effect. There is no specific finding that the living apart was without fault on the part of the libellant. It is agreed by both parties in their briefs, and it is very apparent, that support for this essential finding, if to be found at all in the findings of facts made by the trial court, must be taken to be finding No. 2 which reads as follows :

> "Prior to separation libellant was employed as an

electrical engineer. This work took him away from Northampton on occasions. During these periods of absence the libellee would call up his employer to check on his conduct; this on many occasions. She accused him of not conducting himself as he should; they just didn't get along. This nagging and shadowing kept him in a nervous condition which interfered with his ability to work."

■ While it is true that we will presume in favor of the decree that the court below inferred such facts from those certified up as it ought to have inferred or as it fairly might have inferred, *Whitcomb* v. *Whitcomb,* 115 Vt 331, 334, 58 A2d 814; *Guibord* v. *Guibord,* 114 Vt 278, 283, 44 A2d 158, we cannot supply the omission of an essential fact which is not fairly or reasonably inferable from the facts as found. *Crowley* v. *Goodrich,* 114 Vt 304, 310, 44 A2d 128, 162 ALR 691; *Nelson* v. *Bacon,* 113 Vt 161, 171, 32 A2d 140.

■ From the mere finding that the libellee nagged and shadowed the libellant and that they couldn't get along it cannot fairly or reasonably be inferred that this conduct and situation was brought about without any fault on the part of the libellant. From aught that appears it was justified because of actions or conduct on his part. If this was not so there should have been a finding to that effect in order for the libellant to take advantage of the rule set forth in the Whitcomb and Guibord cases, *supra.* In the Guibord case, and apparently in the Whitcomb case, the lower court made specific findings covering all three essential statutory requirements. Thus the only question in each of those cases, as far as here material, was whether it could be inferred in support of the decree that certain facts were found in support of the ultimate finding there under attack. The procedure adopted in those cases is recommended in all cases coming under the statute in question. None of these essential findings should be left to be determined by inference.

■ The statutory test is not whether the parties are living apart because of the fault of the libellee but whether the separation came about from no fault on the part of the libellant. If we assume that it could reasonably be inferred from finding No. 2 that the libellee was to blame for the living apart, we cannot base on this

inference, unaided by any finding to that effect, the further inference that the blame was wholly on her and in no part on the libellant. The latter inference does not logically or reasonably follow from the former and, moreover, the only inferences of fact which the law recognizes are immediate inferences from the facts proved. *Gero* v. *John Hancock L. Ins. Co.,* 111 Vt 462, 480, 18 A2d 154.

█ Moreover a search of the transcript discloses that the lower court could not properly have made a finding based on any substantial evidence that the living apart was without fault on the part of the libellant. The libellant testified to the checking up on him by the libellee and her accusations as set forth in finding No. 2. In answer to a question as to the nature of the trouble they had he replied "We just didn't get along." At no time did he or any witness testify positively, or to the effect, that the separation came about through no fault on the part of the libellant, nor was there any fact or circumstance in the evidence from which it could reasonably be inferred that such was the case. On the other hand the libellee testified that she knew of no reason why her husband left her when he did. We have here, at the most, evidence which makes it merely possible or conjectural that the living apart was without fault on the part of the libellant but such evidence would be an insufficient foundation for a finding to that effect. *Wellman, Admr.* v. *Wales,* 98 Vt 437, 440, 129 A 317; *Dooley* v. *Economy Store,* 109 Vt 138, 142, 194 A 375, and cas cit.

*Decree reversed and petition dismissed.*