ROBERT MILNE, BY GUARDIAN AD LITEM *v.* J. LEO EDSON

(73 A2d 325)

February Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.
Opinion filed May 2, 1950.

*Cornelius O. Granai* for the plaintiff.

*Finn & Monti* for the defendant.

SHERBURNE, C. J.   As the defendant was driving a pick-up motor truck on the main street through the village of Plainfield at about 8:30 in the forenoon on June 26, 1945, he ran into the plaintiff, a boy going into the age of 7. Viewed most favorably to the plaintiff the evidence tended to show the following facts: The highway consisted of two cement lanes, and was straight and slightly down grade in the direction in which the defendant was traveling. The plaintiff resided in a house on defendant's right side.   Past this house there was a narrow road shoulder and a cement curb.   A short distance back of the curb and parallel thereto there were a large lilac bush on the corner of the house lot, a tree-like hydrangea bush in the middle, and some barberry bushes near a driveway at the end of the curb.   The hydrangea was nearly as tall as the lilac, and had branches on which children had swung.   The lilac and hydrangea tended to shield objects on the lawn in front of the house from the view of a traveler upon the highway approaching in the direction that the defendant was traveling.   The defendant was familiar with the street and knew that children frequently played in that general locality.   The plaintiff was a bright boy and got good marks at school.   He had been taught by the school patrol not to cross the street in front of automobiles.   He knew of the danger of getting hit and had previously waited for cars to pass.   Every

time he left home his mother had warned him to be careful. Just before the accident, accompanied by a boy 5 or 6 years old who lived across the street, he had done an errand for his mother. Upon their return they planned to cross the street to play in the other boy's barn, and started across the lawn between the hydrangea and the barberry bush toward the street. When the plaintiff was just past the line of the trunk of the hydrangea and two or three steps from the curb, his mother from on her porch didn't see or hear any car coming from either direction, and told him to watch out and be careful. He heard her and stopped, and she had started to go into the house when she turned and saw him rolling over on the pavement at a point on the right hand side of the right lane about the length of a cement strip from where she last saw him near the curb. Because of the hydrangea and lilac his mother could see only a very short distance up the street in the direction from which the defendant came. No measurements were taken, and there was no evidence of the length of a cement strip. The plaintiff did not see the defendant's truck, and the defendant did not see the plaintiff until after he hit him. The plaintiff's left leg was broken and he suffered some body bruises. After the accident the defendant carried the plaintiff into the house.

At the close of the plaintiff's evidence the court granted defendant's motion for a directed verdict and entered judgment for the defendant, to all which the plaintiff excepted.

Plaintiff's declaration alleges that the defendant was negligent in three respects, namely, that he failed to maintain a reasonable and proper lookout for persons walking on the highway, that he drove at an excessive speed, and that he failed to keep his car under proper control. There was no evidence of defendant's speed, or as to how long it took him to stop, or as to what part of his truck came into contact with the plaintiff, whether the front or side. Nor was there any evidence of the position of the truck upon the highway at any time, or where it was when the plaintiff first appeared from behind the shrubbery, or as to whether the defendant had sufficient time to stop or turn aside or to warn the plaintiff. Under the circumstances disclosed the failure of the defendant to see the plaintiff affords no reasonable inference that the defendant failed to maintain a reasonable and proper lookout for persons walking on the highway, as alleged. We have here, at the most, evidence which makes it merely possible or conjectural that the defendant was

negligent in any of the respects alleged, but such evidence is an insufficient foundation for a verdict. *West* v. *West,* 115 Vt 458, 461, 63 A2d 864; *Wellman, Admr.* v. *Wales,* 98 Vt 437, 440, 129 A 317.

*Judgment affirmed.*