## Solange T. Pacquin v. Etienne G. Pacquin

[ 214 A.2d 90 ]

June Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed October 5, 1965

*Andrew G. Pepin* for libellant.

*Lee E. Emerson* for libellee.

**Smith, J.** This is an action of divorce brought on the grounds of intolerable severity. Libellee filed a cross-libel based on the ground of intolerable severity and adultery. Hearing was held in the Orleans County Court July 8, 1964. Findings of Fact were filed on October 27, 1964. A Decretal Order was filed on November 4, 1964, dismissing the cross-libel and granting a divorce to the libellant on the grounds of intolerable severity. Libellee has appealed to this Court from the decree, as well as upon exceptions to certain findings of fact by the lower court and claimed failure to find in accordance with requests to find made by the libellee.

The Findings of Fact disclose that the parties were married in Troy, Vt., on May 12, 1942. While the parties lived in Connecticut in the first three years of the marriage, since that time they have lived in Orleans County on a farm purchased by them. Four children were born of the marriage but only the custody of the youngest of said children, Diane, age 13 at the time of hearing was disputed in the divorce action below. The findings were that both parties worked diligently in the farm operation.

However, for the period of the last seven years, marital discord increased between the parties, culminating in the libellant leaving the premises in October of 1963, and the bringing of the divorce libel and cross-libel.

The trial below was bitterly contested and the evidence of the parties and their respective witnesses was in direct opposition on many of the questions of fact presented. The decretal order of the lower court dismissed the cross-libel of the libellee, granted a decree of

divorce to the libellant on the grounds of intolerable severity, awarded her the custody of the daughter, Diane, with an order for the libellee to pay libellant the sum of $22.50 per week for the support of said child, and ordered the libellee to pay the libellant the sum of $7,500, payable in installments, for her equity in the home farm.

We think that both for brevity and clarity, the numerous exceptions of the libellee, both to failure to find, as well as to the findings made, can be variously grouped for our consideration as they are related to certain broad issues of the case below, as treated by the lower court, and to which treatment the objections of the libellee are really directed.

The first such issue was the matter of the conduct of the libellee which libellant claimed to constitute intolerable severity toward her, and which she testified, and the court found, impaired her health. Such intolerable severity was produced, so the libellant and her witnesses testified, because of the bad temper of the libellee. Much of the evidence offered had to do with the libellee's acts in beating various animals about the farm, at times to death, which acts, said the libellant, were protested by her, and when continued caused her great mental distress.

The finding requested by the libellee from the lower court was "3. Cruelty to animals, if such cruelty is found to exist, is not cause for divorce on the grounds of intolerable severity." While we might agree with libellee that cruelty to animals, however reprehensible, taken alone is not a cause for divorce on the grounds of intolerable severity, this was not the claim of the libellant. Her contention was that such cruel treatment of the animals by the libellee, in her presence and over her objections, was behavior on his part that caused her mental and physical distress. Such behavior of the libellee, in and of itself, was not alleged to be intolerable severity, but the effect of such behavior on the health of the libellant was so claimed to be.

As was said in *Whitehead* v. *Whitehead*, 84 Vt. 321, 322, 79 Atl. 516, "Intolerable severity may be established in divorce proceedings by proof of any line of misconduct persisted in by the offending party to such an extent as to cause or threaten injury to the life, limb or health of the other; and it is not necessary that such injury, actual or threatened, should be the direct result of such misconduct, but that it is sufficient if it is produced by grief, worry or mental distress occasioned thereby."

It takes no great imagination to think of many instances where the misconduct of a spouse toward others than his matrimonial partner,

over her protests, could produce grief, worry or mental distress in such partner, although the misconduct was not specifically directed at her. It is sufficient if the misconduct complained of, even if directed toward other than the libellant in person, persisted in over her objections, is the cause of the injury to health which she seeks to establish as proof of intolerable severity.

The requested finding of the libellee was properly rejected by the court below. Its inclusion would have been immaterial to the questions presented.

What we have just said is also applicable to Finding No. 6, to which libellee excepted. This is a finding by the court that the libellee had a generally bad temper, that he beat the farm animals and that such beatings caused mental distress to the libellant. There is ample evidence to support this finding, and it was a material finding on the matter of the intolerable severity claimed by the libellant by reason of what already has been said.

The next exception by the libellee is the court's refusal to find in his compliance with his request No. 5, "The libellant is possessed of an adulterous disposition." We consider the question raised together with the libellee's exception to Finding No. 11, "No evidence of adultery on the part of the libellant is found."

■ The evidence of the libellee was that the libellant had, at times, hugged and kissed young men who had been employed about the farm. Both the libellant and the young men in question testified that such demonstration of affection had occurred only when the libellant was distraught and crying, and were mere expressions of sympathy. While one of libellee's witnesses testified that he saw libellant go into a bedroom occupied by one of these boys, and later heard the bed squeaking, on cross-examination he admitted that he was not certain that both parties were in the room as he had first claimed. The libellant and the young men all denied that any adultery, or conduct that might have culminated in adultery, had taken place between the libellant or any of them. We do not weigh the evidence since its persuasive effect and the credibility of the witnesses are for the trier of fact to determine. *Davis* v. *Kneeland Lumber Co.*, 12 Vt. 70; *Crossman* v. *Crossman*, 124 Vt. 127, 129, 197 A.2d 818.

In view of the conflicting testimony in the case below, we cannot say that the lower court was in error in refusing to find that the libellant had an adulterous disposition, nor do we find that there was such clear and conclusive testimony given below as to constitute a finding

of adultery. Although there was some evidence as to adultery before the lower court, the meaning of the finding seems to be that the trial judge did not find its weight and sufficiency to be such as would support the finding requested. Such determination was for the trial court and is not for revision here. *Raymond* v. *Raymond,* 120 Vt. 87, 90, 132 A.2d 427.

Libellee's next execption is to the lower court's refusal to find in compliance with request to find, No. 8, reading: "The child, Diane, is being brought up in an immoral atmosphere." Involving the same subject matter of the custody of Diane are other exceptions of the libellee. Exception is taken to the lower court's failure to find in compliance with libellee's request No. 10: "The child Diane was so young as not to know the meaning of an oath, and her testimony about the parent she wanted to stay with should be disregarded because not under oath." Exception is also taken to Finding No. 21: "The best interests of the child, Diane, will be served by leaving her with her mother, the Libellant, the child, Diane, having stated on the witness stand that she wanted to make her home with her mother, the Libellant." Finding No. 13, "The libellant loved her children, properly cared for them during the marriage and is a fit and proper person to have the custody of the minor child, Diane," is also excepted to by the libellee.

Upon the matter of the moral atmosphere of the home occupied by libellant, and the daughter Diane, the evidence was conflicting as it was in almost all issues in this bitterly contested cause. However, there was ample evidence before the court that the mother did maintain a proper and moral home in which to bring up the child. As we again state, the weight of the evidence and the credibility of the witnesses were for the trial court's determination. No error is found in the court's refusal to make requested findings not supported by undisputed evidence.

Libellee's exception to Finding No. 13 is based upon the ground that if the court has found that she had an adulterous disposition, as requested, Finding No. 13 would have been in error. Since we have already determined that the lower court's refusal to so find was not in error, there is nothing here for us to consider, having previously ruled on the grounds presented.

Libellee's request No. 10, quoted above, is rather curious in that no objection was made below to Diane's lack of qualifications to be a witness because of her youth, and she was cross-examined at some length by counsel for libellee. In any event, the competency of a

witness is a preliminary question for the trial court unless it appears from the evidence that it was erroneous, or founded on an error of law. *Viens* v. *Lancelot,* 120 Vt. 443, 445, 144 A.2d 711. No objections were made as to the competency of the witness by the libellee below, and no error has been made to appear here.

It follows that libellee's exception to Finding No. 21, based upon the same grounds as just considered, is without merit. Libellee takes nothing by this exception.

Libellee has also excepted to Finding No. 4, which reads: "The general conduct of the libellee and his display of uncontrollable temper toward her caused the libellant to, first, lose affection and respect for the libellee and later caused her extreme nervousness and mental distress and fear of bodily harm and general impairment of her health."

The only exception to this finding, not already considered, is that there is no evidence that the libellant was "in fear of bodily" harm from the libellee. In this, the libellee is correct. While the libellant testified to threats and "pushing around" from the libellee, she at no time testified that she was in fear of bodily harm from such treatment.

However, this is part of a finding by the lower court as to the effect on the libellant of libellee's treatment of her. It was not an unsupported finding of a fact which the court considered in determining the libellee treated the libellant with intolerable severity that the court found impaired her health, as in *Strong* v. *Strong,* 123 Vt. 243, 245, 185 A.2d 924. It is one of the several determinations of the court, from the facts found, any one of which would constitute intolerable severity. Its inclusion in such finding was in error, but error harmless to the libellee, for the other determinations of mental distress and general impairment of health were findings of intolerable severity which still stand, if that part of the finding referring to fear of bodily harm is omitted. No reversible error is found.

Libellee's next exception is to Finding No. 10: "The libellee's attitude that the children could do no wrong and did not need discipline and that the libellant was wrong in any attempt to teach the children discipline and respect for authority was manifest when the libellee threatened to call a Law Enforcement Officer and have the libellant arrested because she attempted to discipline the teen-aged daughter, Patricia. This behavior of the libellee toward the libellant in the presence of the children and the constant threats and uncontrollable temper finally caused the libellant to leave the home because of fear that her health would be permanently impaired."

Again there is evidence to support the finding and we must sustain it here. Libellee has generally excepted to the findings on various grounds. His exception on the ground that no finding of residence was made is answered by Finding No. 7, which is to the effect that both parties had lived until the bringing of this action on a farm in Orleans County for many years. The affirmative findings in Findings No. 7 and No. 10 as to the conduct of the libellee resulted in an impairment of the health of the libellant are sufficient to support the finding in the Decretal Order of intolerable severity, which finding the libellee claims was not made.

■ The libellee generally argues that the court below did not sift the evidence and state the facts on important issues as required of a trial judge. *Neverett* v. *Towne,* 121 Vt. 447, 458, 159 A.2d 345. In support of a decree it will be presumed on appeal, the contrary not appearing, that all the evidence was considered by the trial court with impartial patience and adequate reflection. *Guibord* v. *Guibord,* 114 Vt. 278, 283, 44 A.2d 158. Nothing has been made to appear here to the contrary.

That part of the decretal order which grants the libellant a divorce, decree nisi, on the ground of intolerable severity, together with the remainder of such order appearing in Paragraph 1, as well as that part of the order decreeing the custody of the child, Diane, to the libellant is found to be supported by the findings and is affirmed.

We now turn our attention to the remainder of the Decretal Order which provides for the payment of support money to the libellant by the libellee for the support of the child, as well as the payments to be made by the libellee to the libellant for her equity in the farm premises.

Findings of Fact, Nos. 16, 17 and 18, upon which findings the payments ordered in the decree are based, are all excepted to in whole or in part, by the libellee.

Finding No. 16 is: "The libellant testified that the farm, real and personal property, have a value of about $35,000; that he has farm obligations in the approximate amount of $20,000; that he has considered selling the property and discontinuing farm operations."

Finding No. 17 reads: "The libellant testified that she could manage the support and maintenance of the child, Diane, provided the libellee pay the sum of $22.50 per week."

Finding No. 18 reads: "The libellee testified that the libellant is entitled to her fair share of the equity in the farm and this equity is in the amount of $7,500."

▮ The finding that a witness testified to certain circumstances is not equivalent to a finding that this was the fact, but is only a finding that the witness so testified. *Glass et al* v. *Newport Clothing Co.* 110 Vt. 368, 375, 8 A.2d 651. We are confronted here with an absence of findings to determine if that part of the Decretal Order awarding support money for Diane, as well as a sum of money to the libellant for her equity in the farm, should be sustained.

The absence of these essential finding of fact requires a partial reversal of the decree below in respect to that part of No. 2 of said Decretal Order reading "Libellee is ordered to pay toward the care and maintenance of the minor child, Diane, the sum of $22.50 per week." Reversal is also required in its entirety of Par. 4 of said Decretal Order, and a remand to the lower court for a factual determination of the questions presented.

*The decree below is affirmed as to Paragraph 1. It is affirmed as to that part of Paragraph 2 which awards the custody of the minor child, Diane, to the libellant; it is affirmed as to Paragraph 3, awarding the custody of the children, Daniel and Patrick, to the libellee. It is affimed as to Paragraph 5. It is reversed and remanded as to the order to the libellant to pay $22.50 per week for the support of Diane, in Paragraph 1, as well as to Paragraph 4 relating to the payments by the libellee to the libellant for her share in the equity of the farm.*

*The cause is remanded to the Orleans County Court for further findings and a decretal order in accordance with the views expressed in this opinion.*