**National Grange Mutual Insurance Company v. Wellington M. Churchill, James M. Cleary, Mitchell Walters, Natalie Walters, Al-Warren Ford, Inc.**

[ 234 A.2d 334 ]

June Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 3, 1967

*Webber & Costello* for plaintiff.

*A. Pearley Feen* for defendants.

**Shangraw, J.** This matter came on for hearing before the Court of Chancery Franklin County, on plaintiff's petition for a declaratory judgment. The case presents a question of coverage under an automobile liability insurance policy issued by the plaintiff to the defendant Wellington M. Churchill.

Defendant James M. Cleary, also doing business as Northern Paving Company, Inc. was a paving contractor. Defendant Churchill was his foreman. The principal place of business of Cleary was Fairfax, Vermont. Work had been performed in Burlington, Highgate, St. Johnsbury, Vermont, and other places. Cleary owned three trucks, one being a GMC dump truck, and other equipment. When working in the Burlington area Cleary's working equipment was kept at Woods Construction Company in South Burlington.

On October 11, 1963, Cleary, Churchill, and other members of the working crew went to a job site in Shelburne for the purpose of working but for some reason the job was cancelled.

Churchill and James Armstrong, another Cleary employee, not having been assigned to any work for the day, left the Shelburne job site at about 11 a.m. in Armstrong's car and went to Burlington on personal business. It being pay day, shortly after noon they set out in Armstrong's automobile to find Cleary for the purpose of obtaining their pay checks. Cleary had left the Shelburne job site without saying

where he was going, although some members of the crew had been assigned work in Winooski, Vermont. While going down the hill from Burlington to Winooski the Armstrong vehicle ran out of gas, at which time neither Churchill nor Armstrong had money to buy gasoline.

Churchill then walked to Woods Construction Company premises where the 1963 GMC truck was located. He took the truck and in proceeding to the location of the Armstrong vehicle became involved in a collision with a Falcon automobile operated by defendant Natalie Walters and owned by defendant Al-Warren Ford, Inc. This accident occurred about 3 p.m.

On September 30, 1964 Natalie Walters instituted an action against defendant Churchill, seeking to recover damages for injuries sustained in the accident allegedly caused by the negligence of Churchill while operating the GMC truck.

James Cleary, d/b/a Northern Paving Co., Inc. instituted a civil action on January 7, 1965 against Churchill for property damage to the GMC truck.

Al-Warren Ford, Inc., also claims it is entitled to recover damages to the Ford Falcon sustained by the alleged negligence of Churchill while operating the GMC truck.

The resulting controversy between the plaintiff and the defendants, or some of them, is whether or not an automobile liability insurance policy issued by the plaintiff to Churchill, who owned a 1953 Chevrolet automobile, afforded coverage to him in the operation of the GMC truck at the time of the collision with the Ford Falcon owned by Al-Warren Ford, Inc., and operated by defendant Natalie Walters.

A hearing on this petition was held by the Chancellor. Findings of fact were filed. A decree was issued September 19, 1966 adjudging that the policy issued by the plaintiff to Churchill afforded no coverage or protection to Churchill with respect to claims arising out of the collision in question which occurred on October 11, 1963.

The defendants, Mitchell Walters, Natalie Walters, and Al-Warren Ford, Inc., have appealed.

The controversial provisions in the Churchill automobile policy read:

"Persons Insured Under the Liability and Medical Expense Coverage, the following are insureds:"

"(b) with respect to a non-owned automobile,

    (1) the named insured,

    (2) a relative, but only with respect to a private passenger automobile or utility tractor,

provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and"

Without reciting unnecessary details, the Chancellor found that the truck was never furnished, or intended to be used by Churchill for his personal use, and only to be operated by him on job sites, or going from job site to job site. Prior to the incident in question the truck had never been used by Churchill for his personal use. On this occasion its use by Churchill was for personal purposes without permission first obtained from Cleary.

Appellants urge that the finding that Churchill's use of the GMC truck was not with the permission, or reasonably believed to be with the permission of Cleary, and that the decree based upon that finding, are not supported by the evidence and by the other findings.

The function of the omnibus clause was to extend coverage to non-owned automobiles within limits contained in Churchill's policy. While Churchill testified that he believed he had permission, this testimony is refuted by his admission that he had never been allowed to use the vehicle for personal use at any time. He further testified that on date of the accident he neither asked for, nor received permission of Cleary to use the truck.

The findings clearly state that Churchill's operation of the GMC truck at time of the accident in question was for his personal use. The evidence and findings further demonstrate that personal use was not within the scope of permission granted by his employer. These, and related findings, are amply supported by the evidence. Findings must stand, if supported by substantial evidence. *Little* v. *Little,* 124 Vt. 178, 182, 200 A.2d 276.

Appellants claim that Churchill's use of the truck in trying to locate Cleary to obtain pay checks for himself and Armstrong was within the scope of his employment. The question involved is whether or not the action of Churchill was within the scope of the permission

extended by Cleary, not whether it was within the scope of his employment. Its use at the time was clearly unrelated to work on a job or taking the vehicle from job site to job site. Unlike the case of *American Fidelity* v. *North British & Mercantile Insurance Co., Ltd, et al.,* 124 Vt. 271, 275, 204 A.2d 110, here no initial permission was granted. On the contrary it was to be used only for business purposes.

■ The general rule is that employment exists only in the area of duty. *Kneeland* v. *Parker, et al* 100 Vt. 92, 98, 135 Atl. 8. Here, Churchill was clearly acting for himself and Armstrong. The trial court properly found that the use of the truck by Churchill " **** was not connected with the business of defendant Cleary or in connection with any work carried on by him on that date."

■■ This Court must affirm the findings if there is any credible evidence to support them, and must construe those findings so as to support the judgment, if possible. *de Neergaard* v. *Dillingham,* 123 Vt. 327, 330, 187 A.2d 494; *Cross-Abbott* v. *Howard's Inc.,* 124 Vt. 439, 445, 207 A.2d 134.

The record amply supports the decree which must be affirmed.

*Decree affirmed.*