**John J. Mandigo v. Laura E. Mandigo**

[266 A.2d 434]

No. 2-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 2, 1970

*Abatiell & Abatiell,* Rutland, for Plaintiff.

*Bishop & Crowley,* Rutland, for Defendant.

**Keyser, J.** This is a contested divorce case tried on September 17, 1969, in the Rutland County Court on the petition for divorce of the libelant, John J. Mandigo, and the cross-libel of the libelee, Laura E. Mandigo.

The libelant alleged as the ground of his divorce action that the parties had lived separate and apart for more than three consecutive years without fault on the part of the libelant and that the resumption of marital relations was not reasonably probable. The libelee alleged the same ground in her cross-libel. Upon trial of the case on the issues, findings of fact were waived by each party. By its judgment order dated December 23, 1969, the court found and decreed that a bill of divorce was granted to the libelant on the ground alleged.

The decree of divorce also provided, among other things, as follows:

> "All of the real estate owned by the parties hereto, situated in the Town of Shrewsbury, County of Rutland and State of Vermont, is hereby decreed to the Libellant, JOHN J. MANDIGO, free from the marital rights of Libellee and the Libellee, LAURA E. MANDIGO, is hereby ordered to execute any and all necessary instruments to effect the proper transfer of title of the said real estate to the said Libellant, JOHN J. MANDIGO, free and clear of any incumbrance by reason of the marital relationship of the parties."

The appellant, Laura E. Mandigo, appealed from the decree of divorce claiming (1) that the evidence does not sustain the order that the separation of the parties was "without fault on the part of the libellant" and (2) that the trial court abused its discretion in determining what will be a just award to the parties.

■ Appellant's notice of appeal from the judgment order brings the whole case, including all questions litigated in the court below which affect the final judgment, if they are briefed, to this Court for review. *Krupp* v. *Krupp*, 126 Vt. 511, 513, 236 A.2d 653.

■ The libelee-appellant claims that one of the essential elements required to be proved and found in granting a divorce on the ground stated, namely, that the living apart of the parties was without fault on the part of the libelant, is unsupported by the evidence. This is one of the essential elements which the libelant must affirmatively prove under the statute, 15 V.S.A. § 551(7), as it existed at the time of the separation. *Krupp* v. *Krupp*, *supra*, p. 513; *Winslow* v. *Winslow*, 127 Vt. 428, 433, 251 A.2d 419.

The parties were married on February 5, 1944, and separated on June 15, 1966. Their ages were 71 and 50 years respectively. No children were born to the marriage. The libelant had been sick for a few years and under the doctor's care. On June 14, 1966, the libelant went to his daughter's home in Pomfret to help her move. Upon his return the next day, the libelant discovered his wife had left the home. She had taken a few items from the house but sufficient household goods remained to afford him to keep house.

The libelant testified that so far as he knew they were on good terms when he left to go to his daughter's home. He had thought for some time that she was discontented over his being sick and said "that's about as far as I know about it." He also testified she became rather cold towards him in the latter years when he was sick and that he didn't know of anything he had done which gave his wife a reason for wanting to leave him.

The libelant admitted that the libelee had been a good wife, had worked most of the time during their twenty-two years of marriage, had contributed financially to the marriage by con-

tributing her earnings for groceries, notes and bills, had helped with the farm work by driving the tractor and doing some chores. He figured his wife's employment enabled him to purchase and keep the farm in Shrewsbury. He always considered his wife and he were 50-50 partners in the marriage even at the time of the separation. The farm was sold except for one acre. It was on this lot that their house was built which the court decreed to the libelant.

The evidence of the libelee on this issue was substantially different in substance than that of the libelant and is uncontroverted. She testified that she was under constant pressure because of her husband's actions. He was selfish, arrogant, over domineering, hollered at her a lot, found fault and argued day after day. If libelee didn't agree with her husband he went into a fit of temper. After she had a serious accident and returned home from the hospital, the libelant found fault because of a $414 hospital bill and disagreed with the doctor's order that libelee rest in the afternoon. There were periods when he wouldn't speak or talk with her.

When the libelee returned home from the hospital her sister, Mrs. Fuller, came for five weeks to help take care of her. She found the libelant to be a very anti-social person. He would go days at a time without speaking to his wife with no apparent provocation and was constantly complaining about everything and everybody. During the last two weeks Mrs. Fuller was with her sister, the libelant didn't speak to either her or his wife. She asked libelant one day why he and his wife stayed together. His answer was that it was nothing but a habit, he didn't need her and she didn't need him and she wouldn't have any place to go.

A week before the separation of the parties the libelant withdrew $4000 from their joint savings account without the libelee's knowledge and used it to buy a lot of land and trailer for his daughter. When the libelee discovered this she decided she couldn't take it any longer and left the libelant.

■ While it is true that we will presume in favor of the decree of the court below, we cannot supply the omission of an essential fact which is not fairly or reasonably inferable from the facts as found. *West* v. *West,* 115 Vt. 458, 460, 63 A.2d 864.

■ In order to support the findings as to fault, there must be substantial and credible evidence which fairly and reasonably tends to support it. *Nat'l Grange Mutual* v. *Churchill*, 126 Vt. 428, 431, 432, 234 A.2d 334.

■ Although this Court has the power to set the lower court's findings aside, we will not do so where the evidence is in conflict, merely because the evidence preponderates against them. Intervention on appeal is justified only when contrary proof so predominates the controversy that the record establishes no reasonable basis upon which the findings can stand. *Crawford* v. *Lumbermen's Mutual Casualty Co.*, 126 Vt. 12, 16, 220 A.2d 480.

■ When judges act as triers of the facts, they are bound to impartially and judicially weigh and sift the evidence, in order to find and state the facts relevant to the controversy established by the evidence. Some evidence, because it is not only critically relevant, but also is uncontroverted and of undeniable credibility, requires recognition in findings as a matter of law. *Potwin* v. *Tucker*, 126 Vt. 414, 417, 234 A.2d 430.

The only evidence introduced by the libelant on the issue of his lack of fault for the separation was to the effect that he really didn't know why his wife left him but thought it was because of her discontent over his being sick. To the contrary, the libelee's uncontroverted evidence clearly established the reason why she separated from her husband and placed the burden for her leaving squarely on the shoulders of the libelant which he did not dispute.

■ The record establishes no reasonable basis for the finding of the court that the separation was without fault on the part of the libelant and intervention by this Court is justified. *Crawford* v. *Lumbermen's Mutual Casualty Co., supra.*

The record does not establish the reason for, or the basis of, the separation adverse to the libelee. Neither does it establish that her conduct was the real cause of the breakdown of this marriage nor that the living apart is without fault on the part of the libelant. In this situation the decree granting a divorce on the ground stated in the decree must be reversed.

■ ˙ The record also demonstrates that the property adjustment was inconsistent with the facts clearly established by the evidence and was a 50-50 partnership. Notwithstanding this, the court without giving any reason decreed the real estate to the libelant.

To accomplish this purpose, the cause will be reversed and remanded.

*Decree reversed and cause remanded for hearing de novo on the libel and cross-libel.*

**Shangraw, J.** dissenting. The court below was confronted with the libelant's libel for divorce and the libelee's cross-libel. The grounds alleged were the same.

The opinion in part states:

> The libelant testified that so far as he knew they were on good terms when he left to go to his daughter's home. He had thought for some time that she was discontented over his being sick and said "that's about as far as I know about it." He also testified she became rather cold towards him in the latter years when he was sick and that he didn't know of anything he had done which gave his wife a reason for wanting to leave him.

From the foregoing, it is my belief that the trial court could have reasonably and properly concluded, as it did, that the separation of the parties was occasioned through no fault on the part of the libelant.

The opinion refers to evidence introduced on the part of the libelee indicating fault on the part of the libelant and lack of fault on her part. Notwithstanding this evidence the court declined to grant the libelee's cross-libel, and instead granted a divorce to the libelant. It apparently placed no credence on the evidence of the libelee and believed the libelant.

Triers of fact have the function of determining the credibility of witnesses, weighing evidence, and drawing justifiable inferences from proven facts. It is also well established that factual determination below will not be disturbed unless clearly erroneous. The persuasive effect of the evidence and the credibility of the witnesses was for the trial court to determine. *Pacquin* v. *Pacquin,* 125 Vt. 243, 246, 214 A.2d 90; *Crossman* v. *Crossman,* 124 Vt. 127, 129, 197 A.2d 818.

No findings of fact were made by the court below. The case of each party hinged on the credibility of the witnesses. The weight of their testimony was properly reserved unto the trial court. On this issue, I do not believe this Court's judgment can be substituted for that of the trial court which had the advantage of viewing the witnesses and parties on the stand. Here, only the transcript is before us. In the absence of a clearly erroneous judgment it should not be disturbed.

The parties broke about even as to the personal property. The opinion takes issue with the propriety of the decree awarding the libelant the homestead.

At the time of trial the libelant was 71 years of age and had been sick for a few years and under the doctor's care. No doubt he had passed the earning age. The libelee, age 50, has a good position. The libelant needs a home, or possibly the proceeds thereof to live on. In considering these factors it is likely that the court had in mind its wide judicial latitude under 15 V.S.A. section 751 which permitted the court to consider the condition in which the parties would be left by the divorce. *Raymond* v. *Raymond,* 120 Vt. 87, 96, 132 A.2d 427; *Whitcomb* v. *Whitcomb,* 115 Vt. 331, 335, 58 A.2d 814. The libelee flew the coop,—not the libelant.

It is my judgment that the trial court arrived at a fair and realistic result which is supported by adequate evidence.

I would affirm the decree.

Attention might well be called to the fact that since this case was heard and disposed of below, the policy of the State with regard to the cause of a divorce under 15 V.S.A. Section 551, sub-section 7 was changed by the adjourned session of the 1969 Legislature. By Act No. 264 the above statute was amended, effective April 8, 1970, by striking out the very clause which is in contention here. Henceforth, the element and proof that a libelant on his or her part is without fault for a separation is no longer required.