### Terry Lynne Berard v. Randy Myron Berard

[442 A.2d 49]

No. 218-81

Present: Barney, C.J., Billings, Underwood and Peck, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 2, 1982

*Gareth H. Caldbeck*, Winooski, for Plaintiff.

*David H. Greenberg*, Law Offices of *Samuel S. Bloomberg*, Burlington, for Defendant.

**Billings, J.** The defendant-husband appeals from a judgment and decree of divorce attacking the provisions thereof relating to alimony, child support, medical, dental, and life insurance costs. He claims that the trial court abused its discretion in finding that the defendant had the financial ability to comply with the order as made.

The trial court, after a hearing, made findings of fact stating that "within the financial ability of the defendant" he should pay $25.00 per week alimony until the plaintiff remarries or becomes employed fulltime, $100.00 per week child support, and medical, dental and life insurance costs. On appeal the parties concede that the alimony payment is now moot due to the plaintiff's remarriage, and the defendant no longer objects to paying the medical, dental, and life insurance costs. Therefore, the issue here is whether, based on the evidence, the child support order exceeded the trial court's judicial discretion.

Trial courts have wide discretion in determining child support payments. 15 V.S.A. § 292; *Field* v. *Field*, 139

Vt. 242, 244, 427 A.2d 350, 352 (1981); *Hogel* v. *Hogel,* 136 Vt. 195, 197, 388 A.2d 369, 370 (1978). This Court will not interfere if a reasonable basis supports the court's actions. *Field* v. *Field, supra; Brooks* v. *Brooks,* 131 Vt. 86, 93, 300 A.2d 531, 535 (1973). Abuse of discretion will be found only if the trial court fails to exercise its discretion, exercises it for clearly untenable reasons or to an untenable extent. *Field* v. *Field, supra.* This discretion, however, is not unlimited, and if it appears that it has been improperly exercised or its bounds exceeded, corrective action is appropriate. *Graham* v. *Graham,* 137 Vt. 542, 543, 409 A.2d 571, 572 (1979); *Cleary* v. *Cleary,* 134 Vt. 181, 182, 353 A.2d 334, 335 (1976). Here the defendant is challenging the sufficiency of the evidence to support the finding that the defendant had the financial ability to comply with the order. This Court will not set the trial court's findings aside where the evidence is in conflict even if the evidence predominates against them. *Mandigo* v. *Mandigo,* 128 Vt. 446, 450, 266 A.2d 434, 436 (1970). We will do so only where the contrary proof so predominates the evidence that there is no reasonable basis upon which the findings can stand. *Id.*

Upon a review of the record here there is ample testimonial support for the findings and order. The trial court found that although the defendant's income was $175.00 per week, his expenses were minimal: he lives with his parents and is provided with the free use of an automobile by his employer. We cannot say on the evidence produced at trial that the trial court abused its discretion when it ordered him to pay $100.00 per week child support. *Palmer* v. *Palmer,* 138 Vt. 412, 417, 416 A.2d 143, 146 (1980). If and when the defendant's financial circumstances actually change, a reduction can always be sought. *Id.*

*Affirmed.*