## Gilbert L. Forte, Jr. v. Paula M. Forte

[468 A.2d 561]

No. 83-093

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed November 1, 1983

*Donald R. Powers* and *Daniel W. Ewald,* Brandon, for Plaintiff-Appellant.

*George H. Spangler,* Montpelier, for Defendant-Appellee.

Billings, C.J. Plaintiff appeals and defendant cross-appeals

from part of an order issued by the Washington Superior Court on defendant's motion for modification and enforcement of an order for child support contained in a divorce decree entered on March 17, 1969.

Under the divorce decree, plaintiff was ordered to make semimonthly child support payments to defendant of $190.00 for the care and support of the parties' three minor children. The order further stated that "the support . . . for the benefit of the minor children shall be and remain in full force and effect until further order of the court."

In 1975, the parties' oldest child, Robert, turned 18. In July 1976, Robert, who had moved out of defendant's home in February of the same year, entered active service with the United States Navy. At this time plaintiff, who had been in full compliance with the 1969 support order, unilaterally reduced his semimonthly payments by one third. In 1981, the parties' second oldest child, Susan, turned 18, graduating from high school in June 1981. Again plaintiff reduced his semimonthly payments by another one third. Plaintiff continued making reduced semimonthly payments of $63.34 toward the support of the parties' youngest child, Lisa.

In her motion for modification and enforcement of the 1969 support order, defendant asked the court to increase the amount of support due from plaintiff for Lisa's support to $70.00 per week, or alternatively, to enforce the original order amount so that plaintiff would pay $190.00 semimonthly. In addition, defendant sought arrearages of $4,397.54.

The trial court made findings relative to plaintiff's and defendant's income and expenses and found that plaintiff had the financial ability to pay increased semimonthly payments of $150.00 for Lisa's support until she turned 18 in April 1983. The court also found that plaintiff had the ability to pay arrearages in the amount of $6,000.00 and not the $11,844.00 which defendant, in her proposed findings of fact, and contrary to her pleadings, averred was the outstanding support amount. In addition, the court indicated on the record that the controlling age of majority for this case was 21, the age of majority at the time of the 1969 decree.

In its conclusions of law, the trial court ordered plaintiff to pay semimonthly payments, for the support of Lisa, of $150.00 for December 15, 1982, up to and including April 15, 1983.

520

Plaintiff and defendant do not appeal this part of the court's order. Relying on 15 V.S.A. §§ 292 and 760, the court also ordered plaintiff to pay arrearages of $6,000.00 in installments of $300.00 per month until fully paid, an amount that the court felt was "a just assessment . . . after taking into consideration all facts and circumstances as found and shown by the evidence."

■ At the time of the court's order, January 1983, both 15 V.S.A. § 292 and 15 V.S.A. § 760 had been repealed effective July 1982. These sections granted a trial court broad discretion in modifying divorce orders relating to the care, custody and maintenance of minor children and in rendering judgment for the amount of arrearages due under a support order. See *Berard* v. *Berard*, 140 Vt. 537, 538, 442 A.2d 49, 49 (1982). In place of §§ 292 and 760, the legislature enacted a more comprehensive act relating to divorce and support that either removed or circumscribed the trial court's discretion. 15 V.S.A. § 760 was specifically replaced by 15 V.S.A. § 606. This new section mandates that a superior court, in an action to recover child support, "shall render judgment for the amount due" under the original judgment or decree. 15 V.S.A. § 606. Additionally, 15 V.S.A. § 606 removed the court's discretion in ordering payment of arrearages for less than the actual amount due. *Id.* Thus, the superior court's order on defendant's motion, by first failing to state the actual amount of arrearage owing under the 1969 decree and then ordering plaintiff to pay an arrearage amount of $6,000.00, was not supported in law or fact and cannot stand.

■ The duty of support continues until "the child attains the age of majority." 15 V.S.A. § 651 (d). At the time of the parties' 1969 divorce decree, the age of majority was 21. Effective July 1, 1971, however, the age of majority was lowered to 18 years of age. 1 V.S.A. § 173. Although the court indicated during trial that the age of majority at the time of the 1969 divorce decree would be controlling in its decision on defendant's motion, this Court has previously held that the statute fixing the age of majority does not vest any rights. *Beaudry* v. *Beaudry*, 132 Vt. 53, 58, 312 A.2d 922, 925 (1973). Minority status is both defined by the legislature and is subject to change by the legislature. *Id.* While the original support order for the

care of the parties' three minor children was to remain in effect until further order of court, it would be error for the superior court to conclude that it was bound by the then age of majority. See *Peisch* v. *Peisch*, 132 Vt. 514, 518–19, 321 A.2d 67, 70 (1974).

The court correctly found that plaintiff was liable for support arrearages. An unmodified support order remains in effect and cannot be modified by the unilateral action of one of the parties to the order. *LaVoice* v. *LaVoice*, 125 Vt. 236, 237, 214 A.2d 53, 54 (1965). If the plaintiff believed that the original support order was no longer appropriate because of "a real, substantial, and unanticipated change of circumstances," it was incumbent upon him to bring this change of circumstance to the attention of the court. 15 V.S.A. § 651 (e).

In view of our holding, this case must be remanded for a hearing not inconsistent with the views expressed herein.

*Reversed and remanded.*