## In re Jere Wayne Bishop

[303 A.2d 154]

No. 26-72

Present: Shangraw, C.J., Barney, Smith, Keyser, JJ. and Hill, Supr. J.

Opinion Filed April 3, 1973

*Parker & Lamb,* Springfield, for Plaintiff.

*Paul F. Hudson,* State's Attorney, and *Michael J. Sheehan,* Deputy State's Attorney, for the State.

**Per Curiam.** The petitioner was indicted by the Windsor County Grand Jury for the crime of murder in the second degree. After discussion between counsel for the petitioner and the State's Attorney, the petitioner pleaded guilty to manslaughter. He was sentenced by the Windsor County Court to serve not less than 10 years nor more than 12 years at hard labor in the State Prison at Windsor.

The petitioner has filed for post conviction relief. His application for post conviction relief was denied, and the case is here on appeal from such denial.

■■ There is no question raised that this plea of guilty represents almost a classic case of what is now recognized as "plea bargaining". The state must live up to its part of any plea bargain, and such bargain cannot be disturbed

unless the state has violated the same. *Santobello* v. *New York,* 404 U.S. 257, 92 S.Ct. 495, 499 (1971).

After the arraignment of the petitioner on the second degree murder charge, he was transferred to the State Hospital in Waterbury for observation. While at the State Hospital, his counsel visited with him. It is as a result of such a conversation that petitioner claims the state has failed to live up to its bargain.

Petitioner claims that he entered his plea of guilty to manslaughter on his counsel's representation and his agreement that he would receive a sentence of no more than a minimum of 5 and a maximum of 7 years at hard labor in the State Prison at Windsor.

At the time of his being charged with this crime, he was also charged in Chittenden District Court with the crime of attempted rape. To this charge, he had pleaded not guilty and had been assigned other counsel. Petitioner does not deny that, as part of the plea bargain, the state agreed to have the attempted rape charge *nolle prossed,* have the petitioner immediately returned to Windsor County Court, and recommend that the sentence on the plea in Windsor County Court be served in the penitentiary in the State of Maine. All of these agreements were complied with by the state.

A careful review of the testimony at the time of sentencing at the Windsor County Court discloses that the State's Attorney recommended a sentence of not less than 13 years nor more than 15 years in the State Prison. Neither the petitioner nor his counsel made any objection to this recommendation. His counsel recommended not a set minimum but a short minimum. The transcript further discloses that the Court asked the petitioner whether he wished to make any statement, and the statement made by the petitioner has absolutely no connection with the recommendations of sentence made by either the State's Attorney or his own counsel. Further, no statement was made by the petitioner after sentence was pronounced by the presiding judge. The sentencing occurred on April 18, 1968.

This Court has further reviewed the transcript of the post conviction relief hearing wherein the Windsor County Court found as follows:

"7. That the Court is unable to find, and there is no competent and believable evidence, that the petitioner was promised or it was in any way stated that he would receive a sentence of from 5 to 7 years on a plea of guilty."

Triers of fact have the function of determining the credibility of witnesses, weighing evidence and drawing justifiable inferences from proven facts. It is also well established that factual determinations below will not be disturbed unless clearly erroneous. *Pacquin* v. *Pacquin*, 125 Vt. 243, 246, 214 A.2d 90 (1965).

Nowhere does the transcript show that the finding above referred to was erroneous. The state has lived up to its part of the plea bargain; therefore, it should not be disturbed.

*Judgment affirmed.*