**Gerald Stevens and Raymond Wilcox v. Carroll Hart and Anna Hart**

[356 A.2d 499]

No. 187-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed April 6, 1976

*Natt L. Divoll, Jr.,* Bellows Falls, for Plaintiffs.

*Glover and Fink,* Ludlow, for Defendants.

**Barney, C.J.** All of the issues raised in this case turn on the evidence and its weight. The action was brought under 9 V.S.A. § 2281 to set aside a conveyance between the defendants as fraudulent as to the plaintiffs as attaching judgment creditors. Trial was by jury and a verdict in favor of the plaintiffs was returned. The appeal, brought only by defendant Anna Hart, attacks the trial court's refusal to grant mo-

tions for directed verdict in favor of the defendants at the close of the plaintiffs' case and at the close of all the evidence, and the refusal to set aside the verdict as against the weight of the evidence. A fourth issue relating to a claim of homestead was raised on appeal and will be separately treated.

The matter had its origins in a suit brought July 16, 1971, by these same plaintiffs doing business as BMW Painting Contractors against defendant Carroll Hart. This suit alleged that Carroll Hart procured a fire to be set in the plaintiffs' paint shop on July 9, 1971, resulting in extensive loss. The complaint was filed with the Windsor Superior Court clerk on the 19th of July, 1971. It was then returned to the plaintiffs for service of the attachment which was done on July 22, 1971.

On the day previous, July 21, 1971, the defendant, Carroll Hart, conveyed the real estate in question in Weston, Vermont, to the defendant, Anna Hart. Anna Hart is distantly related to Carroll Hart and had lived with him as his housekeeper for some 12 years. The deed was recorded the same day, July 21, 1971, and the property tax transfer return filed with the deed recited that the property conveyed had a value of one dollar and was being transferred as a gift. The appraisal for tax purposes in the town gave it a value of nearly $12,000.

The fire damage case was heard in the fall of 1972 by court and resulted in judgment in favor of the plaintiffs in the amount of $15,492.61 plus costs and interest. No appeal was taken, so the judgment became final.

At about this same time, the present action to set aside the conveyance was begun. Although the action was equitable in nature, an advisory jury was empanelled and the factual issues submitted to it. Since the verdict was advisory, and the answer to the question submitted to it not binding on the trier, the three motions relating to the submission were not, strictly speaking, applicable.

However, the issue sought to be raised was quite clear, and obviously understood by the court below, so we will treat it as appropriately advanced. The separate motions thus essentially become the single question of whether or not the evidence in the matter supports the result to a legal sufficiency. The standard is proof "beyond a reasonable doubt." *Dunnett* v. *Shields*, 97 Vt. 419, 429–30, 123 A. 626 (1924).

The evidence put forth by the defendants to explain the transfer of property to Anna begins with a mortgage. It seems that Anna's father, Henry Hart, took a mortgage from Carroll Hart in return for advancing him $1000. This was in 1966. The mortgage was never recorded. The testimony is somewhat confused, but apparently in 1969 Henry Hart became concerned because no payments had been made on the $1000 obligation and said he would foreclose. Thereupon, Anna Hart paid up all of the balance but $286 of the first mortgage and Henry Hart then advanced Carroll Hart an additional $400. The old mortgage was discharged and a new one written for $686. This mortgage was never recorded, either.

It was at this time, 1969, according to the testimony of Henry Hart that there came about the agreement of Carroll Hart to convey the real estate to Anna Hart if she paid up the mortgage indebtedness. The testimony of Anna Hart, however, placed this agreement back in 1966. The second mortgage, according to Anna Hart, was paid off May 1, 1971. The discharge on that mortgage, at the time of trial, had not been filled out or signed.

In early July, allegedly just prior to the fire that produced the lawsuit, the Harts went to an attorney and asked that a deed of transfer be prepared. This was the deed ultimately executed and recorded on July 21, 1971. The attorney involved had no record of their first visit, but recollected it to be sometime around the July 4th holiday.

The property around which this litigation turns began as a two acre piece acquired by Carroll Hart. A parcel of it was deeded away to two of his brothers and one Niskanen, Carroll retaining a one-fourth interest in the parcel. This parcel contained a camp in which Anna and Carroll lived.

The balance of the property has on it a house presently rented. This house was appraised at over $10,000 and the town appraised the property for tax purposes at nearly $12,000. It was the testimony of Anna Hart that besides retiring a mortgage indebtedness of $1,400 she paid out $1,200 of her money to pay for materials used in the construction of the house.

The deed of July 21, 1971, did not reflect the transfers of property out of the original two acre piece. It was the argument of the plaintiffs that the failure to put in these other transactions indicated the deed was drafted in haste. In any

event, the property remaining to be transferred to Anna was the rented house and its lot.

The jury apparently rejected much of the evidence of the defendants in determining, as it did, that this transfer was fraudulent and deceitful, and made to avoid a debt, right or duty owed to the plaintiff. The trial court, also having heard the testimony, accepted and adopted this verdict and determined that the plaintiffs had established their case under the burden imposed by law. In view of the competence of the trier in determining issues of credibility this Court cannot say that this result is unsound in law. *In re Bishop*, 131 Vt. 179, 181, 303 A.2d 154 (1973).

An issue was noted relating to homestead in the appeal here. It sufficiently appears from the evidence of the defendants themselves that the property purportedly conveyed to Anna Hart is not any part of homestead premises.

*Judgment affirmed.*